John Burton, State Bar No. 86029
jb@JohnBurtonLaw.com
Matt Sahak State Bar No. 310624
ms@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California  91103

Telephone:    (626) 449-8300
Facsimile:    (626) 449-8197

Attorneys for Plaintiff Tracy Alves, Individually and as
Successor in Interest for Kevin R. Niedzialek, Deceased,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, deceased,<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE COUNTY, RIVERSIDE SHERIFF'S DEPARTMENT, SHERIFF-CORONER CHAD BIANCO and DOES 1-10,<br><br>Defendants. | Case No.    19-CV-2083<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1.    42 U.S.C. § 1983**<br><br>**2.    Cal. Civ. Code § 52.1**<br><br>**3.    Assault and Battery**<br><br>**4.    Police Negligence**<br><br>**5.    Breach of Mandatory Duty**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1.     Plaintiff Tracy Alves brings this action pursuant to 42 U.S.C. § 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution. Accordingly, jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Plaintiff alleges state-law theories of recovery that are so related to the federal claims as to form part of the same case and controversy, and therefore invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

**PARTIES**

2.      The Decedent is Kevin Robert Niedzialek, who died at age 34 without parents, spouse or issue. Plaintiff is Decedent's sole surviving sibling. She sues individually and as the successor in interest to Kevin Robert Niedzialek, deceased. The appropriate declaration is filed herewith pursuant to Cal. Civ. Code § 377.32.

3.      Defendant County of Riverside is a government entity operating pursuant to the general laws of California. Defendant Riverside County Sheriff's Department is a public agency subject to suit.

4.      Defendant Chad Bianco is the Sheriff-Coroner of Riverside County.

5.      Does 1 to 10 are unnamed because their identities have yet to be ascertained.

6.      Each Doe defendant acted under color of law and within the scope of his or her agency and employment for Defendants County and Riverside County Sheriff's Department, and in some manner contributed to the death of Decedent, or otherwise caused the deprivation of Plaintiff's or Decedent's constitutional rights and other harm as alleged below.

7.      Plaintiff is informed and believes and thereon alleges that each Defendant was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the acts and omissions alleged, was acting within the course and scope of those relationships. Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and authorized the acts or omissions of each Defendant as alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiff's and Decedent's constitutional rights and other harm.

8.      Plaintiff bring these claims pursuant to Cal. Civil Proc. Code §§ 377.20 et seq. and §§ 377.60 et seq., which provide for survival and wrongful death actions and are incorporated into the § 1983 claims through 42 U.S.C. § 1988. Plaintiff also brings

1  her claims individually and on behalf of Decedent on the basis of 42 U.S.C. § 1983, the
2  Fourth and Fourteenth Amendments to the United States Constitution, Cal. Civ. Code
3  § 52.1, and other provisions of federal and state civil-rights law. Plaintiff bring these
4  claims as a Private Attorney General to vindicate not only her rights and those of
5  Decedent, but others' civil rights of great importance.

6  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7      9.    Prior to retaining counsel, Plaintiff timely filed a governmental tort claim
8  with the County pursuant to Cal. Gov't Code § 910. The claim was denied on August
9  23, 2019, and this action is timely filed within all applicable statutes of limitation.
10  Plaintiff has filed an amended claim through counsel that is pending. Plaintiff will
11  amend, or seek leave to amend, this complaint to allege exhaustion based on the
12  amended § 910 tort claim to the extent such an amendment is necessary or appropriate.

13  **FACTS**

14      10.    In the past Decedent struggled with substance abuse, but for about two
15  years, until shortly before his death, he lived clean and sober. Plaintiff is remarried and
16  collectively she and her husband have a blended family of seven children. Because both
17  their parents have passed away, and a third sibling is deceased, Decedent was very much
18  a part of Plaintiff's immediate family and was highly involved with the children's lives.
19  Plaintiff is informed and believes that Decedent may have relapsed a few days before
20  his death, but alleges that any relapse was not a proximate cause of his death, and would
21  not have interfered with their future relationship.

22      11.    Decedent had been staying with a friend at an apartment complex located
23  at 42200 Moraga Road in Temecula, California. Mid-afternoon on July 29, 2019, he
24  sustained a large laceration on his left temporal region and above his forehead. The
25  wound bled profusely. Plaintiff does not know the cause of this injury, but is informed
26  and believes that Decedent was the victim of a criminal assault and battery. The injury,
27  though serious and requiring immediate medical attention, was not life threatening and
28  played no role in his death.

12.    According to information currently available to Plaintiff, Decedent was knocking frantically on doors in the apartment complex, pleading for assistance with his injuries, when someone called 911. At least two male Riverside deputy sheriffs responded. Plaintiff does not yet know their identities, and therefore sues them as Does 1 and 2. These are the individuals directly responsible for this death.

13.    Deputies Does 1 and 2 arrived around 2:30 p.m. and found Decedent bleeding from the head wound in a common area of the complex. Plaintiff does not yet have access to all the evidence documenting the interaction between Decedent and Deputies Does 1 and 2, but at least part of the encounter was captured by a bystander on video looking through a window. At some point, either before or after the video begins, Deputy Doe 1 fired what appears to be a TASER Model X26, hitting Decedent with darts in his right biceps and hip. The video begins with Decedent seated in a dirt area, apparently agitated but compliant. Deputy Doe 2 was standing in front of Decedent speaking to him, although his words are not audible on the video. Deputy Doe 1 was standing to Decedent's right, pointing the X26 at him. Deputy Doe 1 activated the X26 for no apparent reason while Decedent was seated, causing him to fall backward violently onto the dirt as his muscles contracted suddenly in response to the X26 discharge. After the discharge stops, Deputy Doe 2 signaled Decedent to stand up. He did. As he took a few steps forward Deputy Doe 1 energized the X26 again, causing Decedent to fall forward. Both deputies then pressed down on Decedent's back, inducing a sense of suffocation that caused Decedent' s legs to flail in panic.

14.    AMR paramedics arrived at about 2:45 p.m. They found both deputies still pressing down on Decedent, who was in cardiac arrest, with no pulse or respiration. His skin was ashen and cool. The paramedics, later joined by firefighters, were able to resuscitate Decedent, but after too much cardiac downtime. Decedent sustained massive anoxic brain injury and was declared brain dead the next day. He was kept alive, however, so that his organs could be harvested and transplanted so that others might live.

## POLICY AND PRACTICE ALLEGATIONS

15.     Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the County and Sheriff's Department, and their respective decision makers, including but not limited to Sheriff Chad Bianco, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Decedent, Plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things,

a.     Subjecting people to unreasonable uses of force against their persons when they are impaired and agitated, presenting a health emergency rather than a law enforcement problem.

b.     Selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

c.     Failing to adequately train, supervise, and control employees in the dangers of taser shocks and compression asphyxia, including, without limitation, the use of potentially lethal tactics, including multiple taser shocks followed by chest compressions, prone restraints, and blunt force trauma, for the taking into custody of persons such as Decedent, who are impaired and agitated, but not engaged in criminal activity, and who may have pre-existing medical and psychiatric conditions, or drug intoxication, which make such tactics unreasonably dangerous, and failing to compel their employees to take such training into account when dealing with an impaired or agitated person.

d.     Failing to implement protocols and train employees in the proper way to contain, treat and secure persons who are in an agitated, irrational or delusional state, and failing to compel employees to follow those protocols when dealing with an agitated, irrational or delusional person.

e.     Failing to train employees that impaired or agitated persons may have difficulty with certain social interactions, including interactions with law

1   enforcement officers, including but not limited to difficulty understanding and
2   following commands and directions, and failing to compel their employees to
3   take such training into account when dealing with an impaired or agitated person.
4   f.      Failing to train employees that they should not arrest agitated or impaired
5   persons, without taking into account and making proper accommodations for
6   their current physical and mental condition and the related behavioral problems,
7   and failing to compel their employees to take such factors into account when
8   dealing with an impaired or agitated person.
9   g.      Failing to train employees that they should not use tasers and other
10  potentially lethal, or excruciatingly painful, weapons to control agitated or
11  impaired persons without regard for the health consequences, and failing to
12  compel their employees to take such training into account when dealing with an
13  impaired or agitated person.
14  h.      Failing to train employees that chest compressions and other aggressive
15  prone restraints impair breathing and can have catastrophic consequences,
16  particularly when used on a person who is impaired or agitated, and failing to
17  compel their employees to take such training into account when dealing with an
18  impaired or agitated person.
19  i.      Failing to train employees to monitor the respirations and pulse of agitated
20  and impaired persons during an arrest, to place them in a recognized recovery
21  position at the earliest opportunity, and to initiate CPR and other first aid as
22  necessary, and failing to compel their employees to take such training into
23  account when dealing with an impaired or agitated person.
24  j.      Failing to adequately discipline deputies involved in misconduct.
25  k.      Condoning and encouraging deputies in the belief that they can violate the
26  rights of persons such as Decedent with impunity, and that such conduct will not
27  adversely affect their opportunities for promotion and other employment
28  benefits.

l.      Failing to analyze critical incidents such as this one and take appropriate corrective action to prevent recurrences.

The foregoing list is illustrative and not exhaustive.

16.     Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendant Sheriff-Coroner Chad Bianco and his predecessors have maintained a policy and practice of violating their mandatory duty under Cal. Gov't Code § 27491 to investigate deaths, including potential homicides caused by deputy sheriffs, and make prompt determinations of the causes and manner of death as required by California law. Their failure to do so is the result of the inherent conflict of interest between the offices of Sheriff and Coroner. When deputy sheriffs are potentially responsible for an in custody death, the investigation should be referred to an outside agency for determination of causes and manner of death.

17.     Plaintiff is informed and believes, and on the basis of such information and belief alleges, the County and Sheriff's Department, and their respective decision makers, including but not limited to Sheriff-Coroner Chad Bianco, ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of plaintiffs and their decedent.

### DAMAGES

18.     Plaintiff in her individual capacity sustained wrongful death damages and emotional distress in an amount in accordance with proof.

19.     Plaintiff in her various capacities, has incurred burial and other related expenses as a result of the Decedent's death.

20.     Decedent sustained general damages, including pre-death pain and suffering, and the loss of enjoyment of his life, in an amount in accordance with proof.

21.     In doing the foregoing wrongful acts, the individual Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Decedent and Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983)

22.     Defendants, acting under color of state law, in their individual and personal capacities, deprived Decedent and Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Decedent to excessive force, including but not limited to repeated and unnecessary tasings and extended chest compressions, and recklessly and with both objective and subjective deliberate indifference disregarding Decedent's serious medical condition and needs, including failing to move him into a recovery position after handcuffing, and failing to timely initiate CPR, proximately causing his severe anoxic brain injury and consequent death.

23.     Defendants knew that Decedent's medical condition was serious but treatable, and they consciously disregarded his need for and access to medical care. Defendants further had a duty to provide the Decedent with appropriate medical treatment, including CPR while waiting for the paramedics once their excessive and unnecessary restraints caused him to stop breathing and experience cardiac arrest.

24.     Defendants, acting under the color of law in their individual and personal capacities, deprived the Decedent of the rights, privileges, and immunities secured by the Fourth Amendment to be free from unreasonable seizure and the Fourteenth-

Amendment right to due process by and through their objective and subjective deliberate indifference, by denying and refusing him necessary medical evaluation and treatment, and/or causing others to deny and/or delay medical care and treatment.

25.     As a result of Defendants' excessive force, deliberate indifference and/or callous disregard for the Decedent's need for medical care and treatment, as well as the policies, customs, practices and decisions alleged in paragraphs 15 through 17, Plaintiff and Decedent suffered damages, pain and suffering, emotional distress, anxiety, depression, confusion, disorientation, loss of relationships, loss of life, and deprivation of constitutional rights, and other damages as alleged herein.

26.     By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff and the Decedent of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

a.     The right to be free from excessive force as secured by the Fourth Amendment;

b.     The right to be free from deliberate indifference to the Decedent's serious medical needs while in custody as secured by the Fourth and Fourteenth Amendments; and

c.     The Fourteenth-Amendment right to be free from interference with familial relationships.

27.     Defendants subjected the Decedent to their wrongful conduct, depriving Plaintiff and Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff (individually and on behalf of the Decedent and others) would be violated by their acts and/or omissions.

28.     The conduct of the individual Defendants sued in their personal capacities entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

29.     Plaintiff does not seek punitive damages against Defendants County and Riverside Sheriff's Department.

30.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

(Cal. Civil Code § 52.1 - Bane Act)

31.     By their acts, omissions, customs, and policies, Defendants, acting in concert, as described above, and with threat, intimidation, and coercion, violated Plaintiff's and Decedent's rights under Cal. Civil Code § 52.1 and the following clearly established rights under the laws and constitutions of the United States and California:

a.     Decedent's right to be free from an unreasonable ongoing seizure and due process of law, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7 and 13;

b.     Decedent's right to be free from deliberate indifference to his serious medical needs while in custody, as secured by the Fourteenth Amendment to the United States Constitution and the California Constitution, Article 1, Section 7;

c.     Plaintiff's right to be free from wrongful government interference with familial relationships and Plaintiff's right to companionship, society, and support with the Decedent, as secured by the Fourteenth Amendment;

d.     The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and

e.     The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

32.     To the extent this claim is based on a violation of the Decedent's rights, it is asserted as a survival claim. To the extent that the violations of rights were done to Plaintiff, it is asserted as a wrongful death claim. To the extent the violations were done

1   to both the Decedent and Plaintiff, it is asserted as both survival and wrongful death.

2       33.    Defendants County and Riverside Sheriff's Department are vicariously

3   liable for the acts of their employees pursuant to Cal. Gov't Code § 815.2.

4       34.    As a direct and proximate result of Defendants' violation of California

5   Civil Code § 52.1 and of Plaintiff's and Decedent's rights under the United States and

6   California Constitutions and law, Decedent and Plaintiff sustained injuries and damages,

7   and against each Defendant named in this Count is entitled to relief as set forth above,

8   and punitive damages against all individual Defendants, including all damages and

9   penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times

10  actual damages, and attorneys' fees.

11  **THIRD CAUSE OF ACTION**

12  (Assault and Battery)

13      35.    Defendants assaulted and battered Decedent, causing his death.

14      36.    As a direct and proximate cause of the aforementioned acts of defendants,

15  decedent and plaintiffs were injured as set forth above, and are entitled to

16  compensatory and punitive damages according to proof.

17  **FOURTH CAUSE OF ACTION**

18  (Police Negligence)

19      37.    By virtue of the foregoing, Defendants owed Decedent and Plaintiff a

20  duty of due care, and that duty was breached in that Defendants' negligence and failure

21  to exercise due care in dealing with Decedent proximately caused his death.

22      38.    By virtue of the foregoing, employees and agents of the defendant entities

23  owed Decedent and Plaintiff a duty of due care, and that duty was breached by

24  Defendants' negligence and failure to exercise due care in the hiring, training and

25  supervision of deputy sheriffs and police officers respectively, particularly with regard to

26  incidents involving agitated and impaired persons such as Decedent and with regard to

27  the use of tasers and aggressive forms of prone restraints.

28

39.     As a direct and proximate cause of the aforementioned acts of defendants, decedent and plaintiffs were injured as set forth above, and are entitled to compensatory damages according to proof.

## FIFTH CAUSE OF ACTION

### (Breach of Mandatory Duty)

### (Against Defendant Sheriff-Coroner Chad Bianco Only)

40.     Cal. Gov't Code § 27491 imposed a mandatory duty on Defendant Sheriff-Coroner Chad Bianco to conduct a timely investigation of the cause and manner of Decedent's death, and to issue findings and an appropriate report.

41.     To the date of the filing of this Complaint Defendant Bianco has failed to discharge his mandatory duties as the coroner for Riverside County. The reason is that he has a conflict of interest that precludes him from making independent, objective findings on the cause an manner of death because of the impact such findings would have on the Sheriff's Department and Deputies Doe 1 and Doe 2.

42.     Plaintiff has been damaged by this breach of mandatory duty in that her ability to bring this action to vindicate her rights and those of her deceased brother have been impaired, and she has sustain severe emotional distress because of the unanswered questions that remain regarding this death.

## PRAYER

WHEREFORE, plaintiff pray for judgment as follows:

**On All Causes of Action:**

a.     Compensatory general and special damages in accordance with proof;

b.     Costs of suit necessarily incurred herein; and

c.     Such further relief as the Court deems just or proper.

**On the First and Second Causes of Action:**

d.     Reasonable attorney's fees and expenses of litigation;

**On the First, Second and Third Causes of Action:**

e.     Exemplary damages against the Defendants (except the immune entity defendants) in an amount sufficient to make an example of those defendants and to deter future misconduct.

Dated:  October 30, 2019                    THE LAW OFFICES OF JOHN BURTON


                                    _____/s/ John Burton_____
                                    John Burton
                                    Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated: October 30, 2019                    THE LAW OFFICES OF JOHN BURTON


                                    _____/s/ John Burton_____
                                    John Burton
                                    Attorneys for Plaintiff

- 13 -