Eugene P. Ramirez (State Bar No. 134865)
  *epr@manningllp.com*
Tony M. Sain (State Bar No. 251626)
  *tms@manningllp.com*
Garros Chan (State Bar No. 320561)
  *gxc@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants,
COUNTY OF RIVERSIDE (erroneously named as separate parties as COUNTY OF RIVERSIDE and RIVERSIDE SHERIFF'S DEPARTMENT), SHERIFF-CORONER CHAD BIANCO, DEPUTY SONIA GOMEZ, and DEPUTY BRIAN KEENEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>RIVERSIDE COUNTY, RIVERSIDE SHERIFF'S DEPARTMENT, SHERIFF-CORONER CHAD BIANCO, DEPUTY SONIA GOMEZ, DEPUTY BRIAN KEENEY, and DOES 3-10,<br><br>    Defendants. | Case No. 5:19-CV-02083-JGB (SHKx)<br>*[Hon. Jesus G. Bernal, D. Judge; Hon. Shashi H. Kewalramani, Magistrate J.]*<br><br>*[DISCOVERY MATTER]*<br><br>**DEFENDANT COUNTY OF RIVERSIDE'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR PROTECTIVE ORDER AGAINST APEX DEPOSITION OF SHERIFF-CORONER CHAD BIANCO**<br><br><br>Complaint Filed:  07/17/2020<br>Trial Date:  09/14/2021 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    Defendants respectfully submit this REPLY to Plaintiff's Opposition to

Defendants' Ex Parte Application for Protective Order Against Apex Deposition of Sheriff-Coroner Chad Bianco (herein after as "Defendants' Ex Parte Motion").

At the onset, Plaintiff offers no evidence to contradict the core facts, established by Defendants, that demonstrate the necessity of the requested protective order. Plaintiff does not dispute that that Sheriff-Coroner Bianco has no direct or personal knowledge of the facts of this case. Additionally, Plaintiff does not dispute that she failed to propound any set of interrogatories or requests for admissions specifically to Sheriff-Coroner Bianco. Plaintiff does not dispute that she failed to exhaust less intrusive discovery methods available before noticing the deposition at issue before the Court.

Under the Apex Doctrine, in order to force a high-ranking government official to appear for a deposition, "[t]here must be some [evidentiary] showing, if the right to take a deposition is challenged by the prospective witness, why the prospective witness should be examined." *See State Bd. of Pharmacy v. Superior Ct.* (1978) 78 Cal.App.3d 641, 644-645 (reversing a court's order compelling the attorney general to give a deposition about his alleged general expertise regarding attorneys' fees when there was no showing that he had any case-specific factual knowledge); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (approving a lower court's refusal to order a high government official to be examined, **particularly where interrogatories were available to obtain the information at issue**); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (granting a protective order against deposition of the company's president where plaintiff had not first deposed lower-level executives of the company who were likely to have personal knowledge of the facts); *Avalos v. Baca*, 2006 U.S. Dist. LEXIS 79376, *3 (C.D. Cal. 2006) (**where plaintiff failed to show that the County Sheriff had personal knowledge of the facts at issue, or that the information was not obtainable from lower ranking officials, the court reversed the magistrate's denial of a protective order against the apex deposition**).

First, Plaintiff erroneously assumes that Chief Forensic Pathologist Fajardo's testimony regarding Sheriff-Coroner Bianco signing a death certification prepared by a deputy coroner somehow instills personal knowledge into Sheriff-Coroner Bianco. This argument fails to show and demonstrate how exactly Sheriff-Coroner Bianco has personal knowledge regarding the specific facts of this case.  The fact that Sheriff-Coroner Bianco's reviews and certifies his deputy coroner's work does not mean he actually has the requisite personal knowledge as Plaintiff appears to assume.  In fact, Fajardo's testimony runs contrary to Plaintiff's argument because Plaintiff could have then deposed the deputy coroner, a less intrusive discovery method.  But plaintiff failed to do so and now seeks the deposition of Sheriff-Coroner Bianco, which runs contrary to the apex doctrine.

Secondly, Plaintiff misrepresents Fajardo's testimony regarding the definition of "homicide."  Specifically, Fajardo testified that "homicide" does not mean criminal murder and it does not mean that the incident-involved deputies caused the death.

Third, Plaintiff's argument regarding an absence of a policy is without merit.  As mentioned in Defendants' Ex Parte Motion, Plaintiff has already deposed Sgt. Sean Vickers as the County's Person Most Knowledgeable ("PMK") regarding the Department's relevant training, policies, and procedures in place at the time of this incident.  At best, such an omission would be an entity negligence issue that is, nonetheless, not actionable and thus not discoverable under Rule 26.  Further, Plaintiff's position regarding an absence of policy still does not explain why any other employee underneath Sheriff-Coroner Bianco – such as another PMK or some other member of the Department's command staff – could not be deposed instead of frivolously conducting an apex deposition where plaintiff has not exhausted the least intrusive discovery methods first.

Fourth, Plaintiff's argument that Sheriff-Coroner Bianco would not suffer prejudice is unsubstantiated.  Sheriff-Coroner Bianco tested positive for COVID-19 and suffers the typical symptoms associated with the pandemic coronavirus.

Additionally, Sheriff-Coroner Bianco must still run a busy department despite the current pandemic. Plaintiff cannot demonstrate how the apex protection does not apply in this case where Sheriff-Coroner Bianco must tend to ongoing and evolving responsibilities during this pandemic where other lower level employees are available as less intrusive discovery depositions.

In summary, Plaintiff failed to show how Sheriff-Coroner Bianco has any personal knowledge of any specific facts of this case. Plaintiff failed to demonstrate that she has conducted discovery through the least intrusive measures before noticing the apex deposition of Sheriff-Coroner Bianco. Plaintiff failed to argue Sheriff-Coroner Bianco would not be prejudiced should his deposition be taken.

In light of the Good Cause shown in Defendants' Ex Parte Motion, the Court should GRANT the ex parte relief requested by Defendants.

DATED: February 19, 2021    **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:    /s/ Garros Chan
    Tony M. Sain, Esq.
    Garros Chan, Esq.
Attorneys for Defendants,
COUNTY OF RIVERSIDE (erroneously named as separate parties as COUNTY OF RIVERSIDE and RIVERSIDE SHERIFF'S DEPARTMENT) and SHERIFF-CORONER CHAD BIANCO, DEPUTY SONIA GOMEZ, and DEPUTY BRIAN KEENEY