1
2
3
4
5

**THE LAW OFFICES OF JOHN BURTON**
John Burton, State Bar No. 86029
jb@johnburtonlaw.com
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300/Fax: (626) 449-8197
(Additional Plaintiff's counsel on following page)
Attorneys for Plaintiff Tracy Alves, Individually and as
Successor In Interest for Kevin R. Niedzialek, Deceased

6
7
8
9
10
11
12

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
Eugene P. Ramirez, Esq. (State Bar No. 134865)
  *epr@manningllp.com*
Tony M. Sain, Esq. (State Bar No. 251626)
  *tms@manningllp.com*
Garros Chan, Esq. (State Bar No. 320561)
  *gxc@manningllp.com*
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

13
14
15
16
17

Attorneys for Defendants,
COUNTY OF RIVERSIDE (erroneously named
as separate parties as COUNTY OF RIVERSIDE
and RIVERSIDE SHERIFF'S DEPARTMENT),
SHERIFF-CORONER CHAD BIANCO,
DEPUTY SONIA GOMEZ, and DEPUTY
BRIAN KEENEY

18

### UNITED STATES DISTRICT COURT

19

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 20 TRACY ALVES, Individually and as<br>Successor in Interest for KEVIN R.<br>21 NIEDZIALEK, deceased,<br>22<br>23 Plaintiff,<br>vs.<br>24<br>25 RIVERSIDE COUNTY, RIVERSIDE<br>COUNTY SHERIFF'S DEPARTMENT,<br>26 SHERIFF-CORONER CHAD BIANCO,<br>27 DEPUTY SONIA GOMEZ, DEPUTY<br>BRIAN KEENEY, and DOES 3–10,<br>28 Defendants. | Case No. 5:19-cv-02083-JGB (SHKx)<br><br>**DISPUTED PROPOSED JURY<br>INSTRUCTIONS** |

**Additional Counsel For Plaintiff**

**HELM LAW OFFICE, PC**
T. Kennedy Helm, IV, State Bar No. 282319
kennedy@helmlawoffice.com
644 40th Street, Suite 305
Oakland, California 94609
Tel: (510) 350-7517/Fax: (510) 350-7359

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, State Bar No. 144074
dalekgalipo@yahoo.com
Hang D. Le, State Bar No. 293450
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, plaintiff TRACY ALVES, Individually, and as Successor in Interest for KEVIN R. NIEDZIALEK., Deceased, ("Plaintiffs") and defendants COUNTY OF RIVERSIDE ("County") and SHERIFF-CORONER CHAD BIANCO, DEPUTY SONIA GOMEZ, and DEPUTY BRIAN KEENEY (collectively herein after as "Defendants") hereby submit the following Disputed Proposed Jury Instructions to be provided to the jury at the time of trial, pursuant to Federal Rules of Civil Procedure 16 and 51; United States District Court, Central District of California Local Rules 16-2, 16-3, 16-4, 16-5, 16-6, 16-7, 16-8, 51-1, 51-2, 51-3 and 51-4 (as applicable); and the applicable Orders of the Court.

The parties reserve the right to amend these [Jointly Proposed] Jury Instructions, subject to any objections, motions *in limine,* and applicable Orders of the Court.

DATED:  August 9, 2021          **THE LAW OFFICES OF JOHN BURTON;**
**HELM LAW OFFICE, PC**
**LAW OFFICES OF DALE K. GALIPO**


By:    ___*/s/ T. Kennedy Helm, IV[1]*___
John Burton
T. Kennedy Helm
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff,
TRACY ALVES, individually and as
Successor in Interest for KEVIN R.
NIEDZIALEK

---

[1] I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  August 9, 2021

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____ /s/ Garros Chan_____
          Tony M. Sain, Esq.
          Garros Chan, Esq.
          Attorneys for Defendants,
          COUNTY OF RIVERSIDE (erroneously
          named as separate parties as COUNTY OF
          RIVERSIDE and RIVERSIDE SHERIFF'S
          DEPARTMENT), SHERIFF-CORONER
          CHAD BIANCO, DEPUTY SONIA
          GOMEZ, and DEPUTY BRIAN KEENEY

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................... v

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1: SECTION 1983 CLAIM
AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—
ELEMENTS AND BURDEN OF PROOF. ........................................................ 1

  Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 9.4 (2018). .......... 1

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2: SECTION 1983 CLAIM
AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON
RATIFICATION—ELEMENTS AND BURDEN OF PROOF ................................. 3

  Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 9.7 (2017) .......... 4

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3: PARTICULAR
RIGHTS—FOURTEENTH AMENDMENT—STATE-CREATED DANGER ...... 5

  Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 9.33(B) (2019) ... 6

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1: IMPEACHMENT
EVIDENCE—WITNESS ................................................................................ 7

  Authority: Ninth Circuit Manual of Model Jury Instructions, Civil § 2.9 (2017–2021).
  ...................................................................................................................... 7

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2: DEPOSITION IN
LIEU OF LIVE TESTIMONY ......................................................................... 8

  Authority: Ninth Circuit Manual of Model Jury Instructions, Civil § 2.4 (2017-2021).
  ...................................................................................................................... 8

DEFENDANTS' PROPOSED JURY INSTRUCTION NO.3: EXPERT OPINION
– RELIABILITY* ......................................................................................... 9

  Authority:  Federal Rule of Evidence 702; Daubert v. Merrell Dow Pharms., 509
  U.S. 579, 590-592 (1993).............................................................................. 9

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4: MEDICAL EXPERT
OPINION – CAUSATION* ........................................................................... 14

  Authority:  Federal Rule of Evidence 702; *Lajoie v. Thompson*, 217 F.3d 663, 667. fn. 4
  (9th Cir. 1999); *Guam v. Reyes*, 879 F.2d 646, 649 (9th Cir. 1988). .................. 14

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5:
REASONABLENESS OF FORCE MUST BE ADJUDGED ONLY USING FACTS

ACTUALLY KNOWN TO DEFENDANT OFFICERS AT THE TIME OF THE INCIDENT*................................................................................................16

Authority:  Watson v. City of San Jose, 765 Fed. Appx. 248, 250-251 (9th Cir. 2019) (citing Graham v. Connor, 490 U.S. 386, 396-397 (1989) and Hayes v. County of San Diego, 736 F.3d 1223, 1232-1233 (9th Cir. 2013)); Glenn v. Washington Cty., 673 F.3d 864, 873 n. 8 (9th Cir. 2011) (in assessing the reasonableness of officer force, "we cannot consider evidence of which the officers were unaware…."); Brown v. Trejo, 818 Fed. Appx. 599, 602 (9th Cir. 2020) ("We assess the reasonableness of force 'from the perspective of a reasonable officer on the scene,' using the facts known to the officer at the time…."); Forrester v. City of San Diego, 25 F.3d 804, 808, n. 4 (9th Cir. 1994) ("[A]fter-the-fact analysis violates the fundamental precept of Graham; namely, 'the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.' [Citation]."); Scott v. Henrich, 700 F.Supp. 498, 505 (D. Mont. 1988) aff'd by Scott v. Henrich, 39 F.3d 912 (9th Cir. 1994) ("Information gained after the fact cannot be relied upon in analyzing the propriety of the officers' conduct."); accord Hayes v. County of San Diego, 57 Cal.4th 622, 632 (2013) (adopting this same Graham standard, and holding that, under California law, the Graham reasonableness standard applies to officer's seizures and uses of force); Koussaya v. City of Stockton, 54 Cal.App.5th 909, 934 (citing Graham and Hayes and Cal. Penal Code § 835a for the proposition that, in evaluating the reasonableness of officers' seizure-related conduct, "Totality of the circumstances means all facts known to the peace officer at the time, including the conduct of the officer and the subject leading up to the use of…force." (internal quotes omitted)); Cal. Penal Code § 835a; see also Fed. R. Evid. 401-403. .............................................16

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6: APPLICATION OF LESSER FORCE NOT REQUIRED*....................................................20

Authority:  Scott v. Henrick, 39 F.3d 912, 915 (9th Cir. 1994); Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005); Billington v. Smith, 292 F.3d 1177, 1189 (9th Cir. 2002). .............................................................20

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7: CAUSATION (FEDERAL-LAW CLAIMS) [MODIFIED].........................................23

Authority: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 9.2. ..................................................................................23

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8: NEGLIGENCE IN USE OF FORCE AND TACTICS PRECIPITATING USE OF FORCE*.................25

Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") nos. 440 (2020) (modified), 400, 401, 3020; see also Cal. Gov. Code §§ 815.2, 820, 820.2, 820.4, 820.8, 821; Young v. County of Los Angeles, 655 F.3d 1156, 1170 (9th Cir. 2011);

Martinez v. County of Los Angeles, 47 Cal.App.4th 334, 349-350 (1996); Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1272-1273 (2009); Hayes v. County of San Diego, 57 Cal.4th 622 (2013). ...............................................................................26

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9: STANDARD FOR CALIFORNIA LAW CLAIMS REGARDING REASONABLENESS RELATED TO A SEIZURE IS GOVERNED BY THE U.S. FOURTH AMENDMENT* ........31

Authority: Hayes v. County of San Diego, 57 Cal.4th 622, 637-639 (2013); Yount v. City of Sacramento, 43 Cal.4th 885, 902 (2008); Martinez v. County of Los Angeles, 47 Cal.App.4th 334, 349-350 (1996); Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1272-1273 (2009); Lopez v. City of Los Angeles, 196 Cal.App.4th 675, 690-692 (2011); see also Cal. Gov. Code §§ 815.2, 820, 820.2, 820.4, 820.8, 821; Munoz v. City of Union City, 120 Cal.App.4th 1077, 1101-1103 (2004); Brown v. Ransweiler, 171 Cal.App.4th 516, 525 (2009); Young v. County of Los Angeles, 655 F.3d 1156, 1170 (9th Cir. 2011); Hayes v. County of San Diego, 736 F.3d 1223, 1232 (9th Cir. 2013); CACI no. 1300, 1301.....................................................................................31

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10: CAUSATION OF INJURY-DEATH DISPUTED* ....................................................................................36

Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 430; Ninth Circuit Manual of Model Jury Instructions, Civil (West 2007, Modified October 2009), § 9.8; Rutherford v. Owens-Illinois, Inc., 16 Cal.4th 953, 976 n. 11 (1997); Bockrath v. Aldrich Chem. Co., 21 Cal.4th 71, 79 (1999); Lineaweaver v. Plant Insulation Co., 31 Cal.App.4th 1409, 1416 (1995); Saelzler v. Advanced Group 400, 25 Cal.4th 763, 775-776 (2001); Viner v. Sweet, 30 Cal.4th 1232, 1239 (2003); Daubert v. Merrell Dow Pharms., 509 U.S. 579, 590-593 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999); General Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997); Kennedy v. Southern Cal. Edison Co., 268 F.3d 763, 767-768 (9th Cir. 2001); Jones v. Williams, 297 F.3d 930, 937 n.7 (9th Cir.2002)...................................................37

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11: DAMAGES—MITIGATION ................................................................................................................38

Authority: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 5.3. ..........................................................................................................................38

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12: NO DAMAGES IF NO LIABILITY* .......................................................................................................39

Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3900 (modified). ............................................................................................................39

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13: PUNITIVE DAMAGES – PREDICATE – CALIFORNIA CLAIMS .............................................40

Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3941. ........40

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14: BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE.................................................42

Authority: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 1.7. .................................................................................................................42

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15: PUNITIVE DAMAGES – CALCULATION  [TO BE READ IN PUNITIVE DAMAGES PHASE OF TRIAL ONLY]..........................................................................................43

Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3942; *see also* Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 5.5. ..............44

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16: INTRODUCTION TO THE SPECIAL VERDICT FORM*...............................................................45

Authority: CACI 5012 (modified). ..........................................................45

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17: NO DIRECT NEGLIGENCE CLAIM AVAILABLE AGAINST PUBLIC ENTITY. .....................46

Authority: Cal. Gov. Code §§ 815, 815.2; Zelig v. County of Los Angeles (2002) 27 Cal.4th 1112, 1118-1130, 1131-1141; Eastburn v. Regional Fire Protection Auth. (2003) 31 Cal.4th 1175, 1179-1180, 1183 ["direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714"]; de Villers v. County of San Diego (2007) 156 Cal.App.4th 238, 251-253, 255-256 [holding that a government entity could not be held directly liable for its own negligence and distinguishing the Cal. Gov. Code § 815 bar on claims for direct negligence from the authorization under Cal. Gov. Code §§ 815.2, 820 for vicarious liability claims].) ...................................................................................46

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1: SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF.**

In order to prevail on her § 1983 claim against the supervisory defendant, Sheriff-Coroner Chad Bianco, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the supervisory defendant acted under color of state law;

2. the acts and failures to act of the supervisory defendant's subordinates Brian Keeney and Sonia Gomez deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

3. (a) The supervisory defendant disregarded the known or obvious consequence that a particular training deficiency or omission would cause his subordinates to violate plaintiff's constitutional rights; and

3.(b) That deficiency or omission actually caused his subordinates to deprive plaintiff of his constitutional rights.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction[s] [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff on this claim. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on this claim.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 9.4 (2018).

DEFENDANTS' OBJECTION:

Defendants object that this instruction as there is a lack of a factual foundation for the application of this instruction.

PLAINTIFF'S SUPPORT OF INSTRUCTION:

Plaintiff contends that ample factual support exists for this instruction. Sheriff-Coroner Bianco disregarded the known or obvious consequences that training his

1   deputies to leave a handcuffed person prone, and *not* training his deputies to use the

2   recovery position, would cause Deputies Keeney and Gomez to deprive Mr. Niedzialek

3   of his constitutional rights.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF**

In order to prevail her § 1983 claim against defendant Riverside County alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Brian Keeney and Sonia Gomez acted under color of state law;

2. the acts and failures to act of Brian Keeney and Sonia Gomez deprived Niedzialek of his particular rights under the United States Constitution] as explained in later instructions;

3. Sheriff-Coroner Chad Bianco acted under color of state law;

4. Sheriff-Coroner Chad Bianco had final policymaking authority from defendant Riverside County concerning the acts and failures to act of Brian Keeney and Sonia Gomez; and

5. Sheriff-Coroner Chad Bianco ratified Brian Keeney's and Sonia Gomez's acts and failures to act, that is, Sheriff-Coroner Chad Bianco knew of and specifically made a deliberate choice to approve Brian Keeney's and Sonia Gomez's acts and failures to act and the basis for it.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Sheriff-Coroner Bianco acted under color of state law.

I instruct you that Sheriff-Coroner Chad Bianco had final policymaking authority from defendant Riverside County concerning the acts at issue and, therefore, the fourth element requires no proof.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under

Instruction[s] [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff.

If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 9.7 (2017)

DEFENDANTS' OBJECTION:

Defendants object that this instruction as there is a lack of a factual foundation for the application of this instruction.

PLAINTIFF'S SUPPORT OF INSTRUCTION:

Plaintiff contends that ample factual support exists for this instruction. At deposition, Sheriff-Coroner Bianco indicated that his deputies, including Deputies Gomez and Keeney, take persons into custody in the safest manner possible, and that the safest place for the deputies, for Mr. Niedzialek, and the people around him would be to leave him "where he was handcuffed and that is in a prone position."

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3: PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—STATE-CREATED DANGER**

As previously explained, the plaintiff has the burden of proving that the act[s] of the defendant[s] [insert name[s] of defendant[s]] deprived the plaintiff of particular rights under the United States Constitution.

In this case, the plaintiff alleges that the defendant[s] deprived the plaintiff of [his] [her] rights under the Fourteenth Amendment to the Constitution when [insert factual basis of the plaintiff's claim].

Under the Fourteenth Amendment, a person has the constitutional right to be free from a government employee affirmatively placing that person in a position of actual, particularized danger (or in a situation of actual, particularized danger that is more dangerous than the position that the person already faced) if the government employee acted with deliberate indifference to a known or obvious danger.

In order to prove the defendant[s] deprived the plaintiff of this Fourteenth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the defendant[s] committed an affirmative act;

2. the affirmative act placed the plaintiff in a position of an actual, particularized danger by creating or exposing the plaintiff to a danger that [he] [she] would not have otherwise faced;

3. the defendant[s] acted with deliberate indifference to a known or obvious danger; and

4. the affirmative act that created the actual, particularized danger caused injury to the plaintiff that was foreseeable.

In this context, "deliberate indifference" means that the defendant[s] disregarded a known or obvious consequence of [his] [her] [their] action[s]. In other words, the defendant[s] must have known that something was going to happen but ignored the risk and still exposed the plaintiff to that risk.

1    Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 9.33(B) (2019)

2          DEFENDANTS' OBJECTION:

3          Defendants object that this instruction as there is a lack of a factual foundation

4    for the application of this instruction.

5          "Under the **state-created danger** test, [plaintiff] must  show that the officers

6    acted "with 'deliberate indifference' to a 'known or obvious **danger**.'" *Hernandez*, 897

7    F.3d at 1133 (quoting *Patel*, 648 F.3d at 974). This is "a stringent standard of fault,

8    requiring proof that a municipal  actor disregarded a known or obvious consequence of

9    his action." *Patel*, 648 F.3d at 974 (quoting *Bryan Cty. v. Brown*, 520 U.S. 397, 410, 117 S.

10   Ct. 1382, 137 L. Ed. 2d 626 (1997)). The standard is higher than gross negligence,

11   because it requires a "culpable mental **state**." *Id.* (citing *Grubbs*, 92 F.3d at 898-900).

12         "The **state** actor must 'recognize an unreasonable risk and actually intend to

13   expose the plaintiff to such risks without regard to the consequences to the

14   plaintiff.'" *Id.* (alterations omitted) (quoting *Grubbs*, 92 F.3d at 899). In other words,

15   the **state** actor must have known that something was going to happen, but "ignored the

16   risk and exposed the [plaintiff] to it anyway." *Hernandez*, 897 F.3d at 1135 (alterations

17   omitted) (quoting *Patel*, 648 F.3d at 974)." (*Martinez v. City of Clovis* (9th Cir. 2019) 943

18   F.3d 1260, 1274.)  Here, there is no factual basis to support the giving of this

19   instruction.

20         PLAINTIFF'S SUPPORT OF INSTRUCTION:

21         Plaintiff contends that ample factual support exists for this instruction:

22   Defendants Keeney and Gomez put Mr. Niedzialek in a prone position after

23   handcuffing, exposing him to a danger he would not have otherwise faced, and the

24   Defendants acted with deliberate indifference to the foreseeable risk of positional

25   asphyxia, which they had been trained about beginning in the police academy.

26

27

28

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1: IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a crime, or lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority: Ninth Circuit Manual of Model Jury Instructions, Civil § 2.9 (2017–2021).

PLAINTIFF'S OBJECTION:

Plaintiff objects that she is unaware of any witness to whom this instruction may apply. Plaintiff objects that Defendants have failed to establish a factual predicate in the evidence for this instruction. Defendants should identify the witness to whom this instruction would apply.

DEFENDANTS' SUPPORT OF INSTRUCTION:

Impeachment of a witness by said witnesses' prior criminal conviction or prior instance where that witness lied under oath is an appropriate trial practice.  The Ninth Circuit confirmed this impeachment method by creating this exact jury instruction for the jury to consider when witnesses give testimony.

This Model instruction is appropriate and necessary, particularly in order for the jury to properly weigh the credibility of various witnesses – including but not limited to plaintiffs' lay and/or expert witnesses, and/or witnesses hostile to defendants who were present during the incident with decedent and/or pertinent post-incident events.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2: DEPOSITION
IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: Ninth Circuit Manual of Model Jury Instructions, Civil § 2.4 (2017-2021).

PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction, because she is unaware of any witness who will testify by deposition.

DEFENDANTS' SUPPORT OF INSTRUCTION:

This instruction is appropriate and should be given to the jury if a witnesses from either side is unavailable to provide testimony a trial.  Due to the mercurial nature of the COVID-19 pandemic, witnesses' travel and in-person attendance are affected to such a degree as to support the inclusion of the present jury instruction.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO.3: EXPERT OPINION – RELIABILITY***

Where the Court has determined that scientific, technical, or other specialized knowledge will assist the jury to understand the evidence, or to determine a fact at issue in the case, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

In evaluating the credibility of the expert witness, the jury is permitted to consider: (l) whether the testimony is based upon sufficient facts or data; (2) whether the testimony is the product of reliable principles and methods; and (3) whether the witness has applied the principles and methods reliably to the facts of the case.

Authority:  Federal Rule of Evidence 702; Daubert v. Merrell Dow Pharms., 509 U.S. 579, 590-592 (1993).

PLAINTIFF'S OBJECTION:

Plaintiff objects that this instruction is unnecessary because the Parties have agreed to submit a Jury Instruction on  "Expert Opinion," which is Ninth Circuit Model Jury Instruction § 2.1 on expert-opinion evidence.

DEFENDANTS' SUPPORT OF INSTRUCTION:

The Parties' agreement as to submitting a Jury Instruction on "Expert Opinion" (Ninth Circuit Model Jury Instruction § 2.1) does not render this instruction unnecessary.  This instruction *supplements* the general "Expert Opinion" instruction by discussing reliability and credibility and is directly supported by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590-592 (1993).

Specifically, this special instruction is an accurate statement of law and it is necessary for the jury to properly evaluate any expert testimony where, in a case such as this, the mechanism of death (what facts lead to the fatal injury that caused the death) are disputed.

To elaborate, under Federal Rule of Evidence 702, expert opinion testimony is *only* admissible in federal court:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Thus, in applying Rule 702, the trial court exercises its discretion regarding the admissibility of expert-technical evidence by performing a "'gatekeeping role...to all expert testimony....'" *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004); *see Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 590-592 (1993). In this regard, it is the trial judge's role as gatekeeper to screen such testimony for relevance and reliability: that is, to make an assessment as to whether the reasoning and methodology underlying the expert testimony is scientifically valid and can be properly applied to the facts at issue. *Daubert,* 509 U.S. at 591-593. "And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question..., the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 149 (1999). If not, the expert opinion is inadmissible. *Id.*

In addition to being reliable, expert testimony must also be *relevant* in order to be admissible. *Daubert,* 509 U.S. at 589. Whether testimony is relevant depends on whether the testimony can properly be applied to assist the trier of fact in understanding and deciding *facts at issue. Id.* at 589, 591; *Stilwell v. Smith & Nephew, Inc.,* 482 F.3d 1187, 1191-1192 (9th Cir. 2007). **Accordingly, to meet the relevance standard, expert testimony must be "'sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'"** *Id.* (emphasis added); *see also Daubert v. Merrell Dow Pharms,* 43 F.3d 1311, 1320 (9th Cir. 1995) (in assessing relevance, the court must look to the governing substantive legal standard, and applying California's substantial factor causation standard).

Further, the offering party must show by a preponderance of the evidence that: (1) the expert is qualified to render the opinion; and (2) the opinion offered has **adequate factual and scientific support for that opinion.** *See Daubert,* 509 U.S. at 588-90; *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997) holding that a court may exclude expert opinion where it deems that the expert's opinion is *not* sufficiently supported by the facts or evidence upon which the expert relies in support of that opinion). **In other words, expert testimony is *not* admissible if it is speculative.** *See General Elec. Co.,* 522 U.S. at 146 ("A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."); *cf. Saelzler v. Advanced Group 400,* 25 Cal.4th 763, 771 (2001) ("proof of causation cannot be based on mere speculation, conjecture and inferences drawn from other inferences to reach a conclusion unsupported by any real evidence, or on an expert's opinion based on inferences, speculation and conjecture"; applying a standard similar to *Daubert.*

Where an expert opinion bears primarily on issues of causation of injury, California law (the substantive law applicable here regarding causation as to plaintiffs' state-law claims) requires that a plaintiff establish substantial factor causation by "a reasonable medical probability based upon competent expert testimony that the defendant's conduct contributed to plaintiff's injury." *Rutherford v. Owens-Illinois,* 16 Cal.4th 953, 977 (1997) (summarizing part of the substantial factor causation standard); *see also* Judicial Council of Cal. Civ. Jury Instructions ("CACI") no. 430. "However, in evaluating whether...[a factor] was a substantial factor in causing...[the injury at issue], the standard should be...is there a reasonable medical probability...that the defendant's conduct contributed to plaintiff's injury." *Lineaweaver v. Plant Insulation Co.,* 31 Cal.App.4th 1409, 1416 (1995).

Thus, "[w]hile there are many *possible* causes of any injury, a *possible* cause only becomes *probable* when, in the absence of other reasonable causal explanations, it becomes more likely than not that the injury was the result of its action." *Id.* (emphases added). Therefore, under the legal causation standard, a force "which plays only a

'negligible,' 'infinitesimal,' or 'theoretical' part in bringing about an injury, damage or loss is not a substantial factor...." *Kennedy v. Southern Cal. Edison Co.,* 268 F.3d 763, 767-768 (9th Cir. 2001).

Similarly, under federal proximate causation standards, to be considered as evidence, medical expert testimony regarding causation must be stated to a reasonable degree of medical certainty. *See Lajoie v. Thompson,* 217 F.3d 663, 667. fn. 4 (9th Cir. 1999); *Guam v. Reyes,* 879 F.2d 646, 649 (9th Cir. 1988). As a result, expert opinions are properly excluded if the *Daubert* standard is not satisfied. *See, e.g., Lash v. Hollis,* 2007 U.S. Dist. LEXIS 3633, *12 (E.D. Mo. 2007) (plaintiff's expert opinion on the effects of TASER ECD deployments was excluded under *Daubert* because the court found the plaintiff was not qualified to testify as an expert due to his lack of familiarity with TASER devices and his reliance on only one scholarly article on the effects of TASER ECD deployments).

In other words, to be admissible under *Daubert,* an expert opinion must have adequate factual and scientific support. However, where the gap between the data/evidence and the expert opinion is too great, the opinion can only be viewed as speculation or conjecture that cannot help the trier of fact, and it is thus inadmissible. *See General,* 509 U.S. at 588-590.

Even [i]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts." *Guidroz-Brault v. Missouri Pacific R.R. Co.,* 254 F.3d 825, 831 (9th Cir. 2001); *U.S. v. Various Slot Machines on Guam,* 658 F.2d 697, 700 (9th Cir. 1981). "The factual basis for the expert's opinion must be stated in the expert's affidavit and although the underlying factual details need not be disclosed in the affidavit, the underlying facts must exist." *Guidroz, supra,* 254 F.3d at 831; *Bulthius v. Rexall Corp.,* 789 F.2d 1315, 1318 (9th Cir. 1986). In *Guidroz, supra,* the Ninth Circuit Court of Appeal upheld a grant of summary judgment and exclusion of plaintiffs' experts' opinions on causation (i.e., that defendant railroad company's engineers failed to keep a proper lookout before a derailment) because plaintiffs' experts failed to set

1   forth factual bases for those opinions. *Id.* at 827-831. The requisite standard should

2   likewise apply to expert evidence being presented to the finder of fact.

9   .

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4: MEDICAL EXPERT OPINION – CAUSATION\***

In order to be considered as evidence, medical expert testimony regarding causation of injury or death must be stated to a reasonable degree of medical probability or certainty.

Authority:  Federal Rule of Evidence 702; *Lajoie v. Thompson*, 217 F.3d 663, 667. fn. 4 (9th Cir. 1999); *Guam v. Reyes*, 879 F.2d 646, 649 (9th Cir. 1988).

PLAINTIFF'S OBJECTION:

Plaintiff objects that this instruction is unnecessary because the Parties have agreed to submit a joint Jury Instruction, "Expert Opinion," which is Ninth Circuit Model Jury Instruction § 2.1 on expert-opinion evidence.

Plaintiff also objects that this instruction is not an accurate statement of the law, and the cited authorities do not support it. *Lajoie*'s footnote 4 does not stand for the proposition in the instruction. In the footnote, the *Lajoie* panel disagrees with the dissent about which of a doctor's opinion was rendered to a reasonable degree of medical certainty; the footnote does not discuss the proposition that expert testimony *must* be stated to a reasonable degree of medical probability certainty.

Nor does *Guam v. Reyes*, 879 F.2d 646, 649 (9th Cir. 1988) support this instruction. Far from standing for the proposition that medical expert testimony on causation of injury or death must be stated to a reasonable degree of medical probability, the *Guam* panel stated:

> We have never had occasion to decide whether expert testimony on causation in the context of a criminal trial must be based on a reasonable degree of medical certainty. We need not decide this issue now, for we find that, although Dr. Park did not use the words "reasonable degree of medical certainty" in his testimony,

the record amply demonstrates that he based his testimony on the substantive equivalent thereof.

*People of the Territory of Guam v. Reyes*, 879 F.2d 646, 649 (9th Cir. 1989)

DEFENDANTS' SUPPORT OF INSTRUCTION:

This special instruction is an accurate statement of the law and it is necessary for the jury to properly evaluate any expert testimony where, in a case such as this, certain aspects of the mechanism of death (what specific facts lead to the fatal injury that caused the death) are disputed.

Where an expert opinion bears primarily on issues of causation of injury, the law applicable here regarding causation as to plaintiffs' claims requires that a plaintiff establish substantial factor causation by "a reasonable medical probability based upon competent expert testimony that the defendant's conduct contributed to plaintiff's injury." *See, e.g.,* (summarizing part of the substantial factor causation standard); *see* Judicial Council of Cal. Civ. Jury Instructions ("CACI") no. 430. However, in evaluating whether...[a factor] was a substantial factor in causing...[the injury at issue], the standard should be...is there a reasonable medical probability...that the defendant's conduct contributed to plaintiff's injury." *Lineaweaver v. Plant Insulation Co.,* 31 Cal.App.4th 1409, 1416 (1995); *cf.* Fed. R. Evid. 702. Similarly, under federal proximate causation standards, to be considered as evidence, medical expert testimony regarding causation must be stated to a reasonable degree of medical certainty. *See Lajoie v. Thompson,* 217 F.3d 663, 667. fn. 4 (9th Cir. 1999); *Guam v. Reyes,* 879 F.2d 646, 649 (9th Cir. 1988).

Accordingly, to avoid confusing the jury as to testimony by medical or other experts that cannot be stated to a reasonable degree of medical probability, and to assist the jury in separate inadmissible speculation from admissible expert opinion, this special instruction is necessary and appropriate.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5: REASONABLENESS OF FORCE MUST BE ADJUDGED ONLY USING FACTS ACTUALLY KNOWN TO DEFENDANT OFFICERS AT THE TIME OF THE INCIDENT***

In analyzing the reasonableness of an officer's use of force or seizure-related conduct, the factfinder may only consider facts and information actually known to the officer at the time of the incident at issue.

Facts or information unknown to the officer at the time of the incident cannot be considered in evaluating the reasonableness of force or seizure-related conduct, even if it is alleged that the officer should have known such facts or information.

Authority:  Watson v. City of San Jose, 765 Fed. Appx. 248, 250-251 (9th Cir. 2019) (citing Graham v. Connor, 490 U.S. 386, 396-397 (1989) and Hayes v. County of San Diego, 736 F.3d 1223, 1232-1233 (9th Cir. 2013)); Glenn v. Washington Cty., 673 F.3d 864, 873 n. 8 (9th Cir. 2011) (in assessing the reasonableness of officer force, "we cannot consider evidence of which the officers were unaware…."); Brown v. Trejo, 818 Fed. Appx. 599, 602 (9th Cir. 2020) ("We assess the reasonableness of force 'from the perspective of a reasonable officer on the scene,' using the facts known to the officer at the time…."); Forrester v. City of San Diego, 25 F.3d 804, 808, n. 4 (9th Cir. 1994) ("[A]fter-the-fact analysis violates the fundamental precept of Graham; namely, 'the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.' [Citation]."); Scott v. Henrich, 700 F.Supp. 498, 505 (D. Mont. 1988) aff'd by Scott v. Henrich, 39 F.3d 912 (9th Cir. 1994) ("Information gained after the fact cannot be relied upon in analyzing the propriety of the officers' conduct."); accord Hayes v. County of San Diego, 57 Cal.4th 622, 632 (2013) (adopting this same Graham standard, and holding that, under California law, the Graham reasonableness standard applies to officer's seizures and uses of force); Koussaya v. City of Stockton, 54 Cal.App.5th 909, 934 (citing Graham and Hayes and Cal. Penal Code § 835a for the proposition that, in evaluating the reasonableness of officers' seizure-related conduct, "Totality of the circumstances means all facts known to the peace officer at the time, including the conduct of the officer and the subject leading up to the use of…force." (internal quotes omitted)); Cal. Penal Code § 835a; see also Fed. R. Evid. 401-403.

PLAINTIFF'S OBJECTION:

Plaintiff objects that this instruction is unnecessary and confusing, conflicting with the Parties' joint jury instruction on excessive force, which is the Ninth Circuit

1  Civil Model Instruction No. 9.25, PARTICULAR RIGHTS—FOURTH
2  AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE
3  FORCE. That instruction explainis that the jury must apply the "perspsective of a
4  reasonable deputy on the scene and not with the 20/20 vision of hindsight" and states
5  that the "facts known to the officer are relevant to your inquiry."

6      Plaintiff objects that there is no factual basis in the record in this case for giving
7  this instruction at trial.

8      Plaintiff also objects that this instruction is argumentative.

9

10     DEFENDANTS' SUPPORT OF INSTRUCTION:

11     This instruction is an accurate reflection of the law and assists the jury in further
12  clarifying that, because facts known to the officer are relevant to their inquiry, facts
13  unknown to the officer cannot play any role in the reasonableness analysis. *Graham v.*
14  *Connor,* 490 U.S. 386, 396-397 (1989).)  "We assess the reasonableness of force 'from
15  the perspective of a reasonable officer on the scene,' *using the facts known to the officer at the*
16  *time…."  Brown v. Trejo,* 818 Fed. Appx. 599, 602 (9th Cir., Jun. 9, 2020) (emphasis
17  added).  "The '"reasonableness" of a particular use of force must be judged from the
18  perspective of a reasonable officer on the scene, rather than with the 20/20 vision of
19  hindsight.' [Citation]. The court therefore considers *the facts known to Defendants at the time*
20  *of the incident." Halbert v. Cnty. of San Diego,* 2010 U.S. Dist. LEXIS 30563, *25 (S.D. Cal.,
21  Mar. 30, 2010) (emphasis added).

22     "[A]fter-the-fact analysis violates the fundamental precept of *Graham;* namely,
23  'the "reasonableness" of a particular use of force must be judged from the perspective
24  of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'
25  [Citation]." *Forrester v. City of San Diego,* 25 F.3d 804, 808, fn.4 (9th Cir. 1994).
26  "Information gained after the fact cannot be relied upon in analyzing the propriety of
27  the officers' conduct." *Scott v. Henrich,* 700 F.Supp. 498, 505 (D. Mont. 1988) *aff'd by*
28  *Scott v. Henrich,* 39 F.3d 912 (9th Cir. 1994). "Information acquired by an officer after he

1   uses force is not relevant in the excessive force analysis, which requires consideration

2   of whether the force would have been reasonable given the information that was

3   available to the officer at the time of the incident—and not with 'the 20/20 vision of

4   hindsight.'" *M.R. v. City of Azusa,* 2014 U.S. Dist. LEXIS 204804, *3 (C.D. Cal., Oct. 1,

5   2014). *See, also, Baldridge v. City of Santa Rosa,* 1999 U.S. Dist. LEXIS 1414, at *20-21

6   (N.D. Cal. Feb. 9, 1999 (holding that it was irrelevant that the decedent was unarmed as

7   his actions alone "could cause a reasonable officer to fear imminent and serious

8   physical harm."); *Sherrod v. Berry,* 856 F.2d 802, 805-807 (7th Cir. 2008 (whether a gun

9   was found at the scene is irrelevant to a determination of whether an officer acted

10  reasonably under the circumstances); *Rippey v. Dopp,* 19 Fed.Appx. 702, 703 (9th Cir.

11  2001) (citing *Sherrod* and declining to reverse the exclusion of the suspect being

12  unarmed); *Barnes v. City of Pasadena,* 508 Fed. Appx. 663, 665 (9th Cir. 2013) ("Even if

13  an issue of fact existed about the presence of a gun, the determinative issue was

14  whether the officers reasonably believed [suspect] had a gun and posed an immediate

15  threat to safety.") California law also holds that officers' seizure-related conduct can

16  only be adjudged with facts and information actually known to them at the time of the

17  seizure. *Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 632; *Hernandez v. City of*

18  *Pomona* (2009) 46 Cal.4th 501, 514; *Martinez v. County of L.A.* (1996) 47 Cal.App.4th 334,

19  343; *Koussaya v. City of Stockton,* 54 Cal.App.5th 909, 934.

20          Throughout this litigation, including in opposition to MSJ, plaintiff and her

21  counsel have repeatedly attempted to have the court adjudge the reasonableness of the

22  defendant deputies' actions using facts that it is undisputed were unknown to the

23  defendant deputies: such as the fact that, when the deputies thought Niedzialek may

24  have been falling asleep, he was actually beginning to suffer cardiac issues; or the fact

25  that when Dep. Gomez felt a pulse, she may have been mistaken and such may have

26  been a 'phantom pulse'; or, most significantly, the alleged risk of asphyxia from prone

27  restraint.  While, in evaluating the Monell claims and as to the municipal defendant

28  only, the jury may consider whether defendant County was deliberately indifferent to

the constitutional rights to life and/or to be free from excessive force by deliberately ignoring a known, scientifically-proven risk of fatality from prone restraint, in evaluating the reasonableness of any individual officer's seizure-related conduct, the jury is forbidden from considering facts unknown to such officers at the time force was used.  Along with bifurcation of the Monell issues from individual officer liability issues, this instruction is necessary to prevent plaintiff from doing at jury trial what they have repeatedly done throughout this case to date: improperly bootstrap evidence that is only relevant/admissible against the municipal defendant in a manner that is guaranteed to result in unfair prejudice to the defendants who used force on decedent.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6: APPLICATION OF LESSER FORCE NOT REQUIRED***

The fact that some lesser application of force, or some other action by the police, might later be seen as preferable by a party or their expert is not conclusive to the question of whether the force actually used during the incident violated the subject's constitutional rights.

Although the availability of alternative methods of capturing or subduing a subject is a factor that you may consider in your determination of the reasonableness of a defendant officer's use of force, a peace officer is not required to use the least intrusive alternative force available to that officer: a peace officer is only required to act reasonably under the totality of the circumstances.

Authority:  Scott v. Henrick, 39 F.3d 912, 915 (9th Cir. 1994); Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005); Billington v. Smith, 292 F.3d 1177, 1189 (9th Cir. 2002).

PLAINTIFF'S OBJECTION:

Plaintiff objects that the first paragraph of this instruction is argumentative.

Plaintiff objects that the second paragraph of this instruction is unnecessary and confusing, conflicting with the Parties' agreed-upon Jury Instruction on Excessive Force, which is Ninth Circuit Civil Model Instruction No. 9.25, PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE. That instruction tells the jury to consider "the availability of alternative methods" as a factor.

DEFENDANTS' SUPPORT OF INSTRUCTION:

This special instruction is an accurate statement of the controlling law, taken directly from the language of the controlling case, that is not elsewhere clearly stated in the available model instructions.

First, the instruction is an accurate statement of the authority cited regarding the availability of alternative measures. Specifically, the Ninth Circuit has held that:

> Plaintiff argues that the officers should have used alternative measures before approaching and knocking on the door where Scott was located. But, as the text of the Fourth Amendment indicates, **the appropriate inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them.** *See, e.g., Illinois v. Lafayette,* 462 U.S. 640, 647, 77 L. Ed. 2d 65, 103 S. Ct. 2605 (1983); *United States v. Martinez-Fuerte,* 428 U.S. 543, 556-57 n.12, 49 L. Ed. 2d 1116, 96 S. Ct. 3074 (1976). Requiring officers to find and choose the least intrusive alternative would require them to exercise superhuman judgment. In the heat of battle with lives potentially in the balance, an officer would not be able to rely on training and common sense to decide what would best accomplish his mission. Instead, he would need to ascertain the least intrusive alternative (an inherently subjective determination) and choose that option and that option only. Imposing such a requirement would inevitably induce tentativeness by officers, and thus deter police from protecting the public and themselves. It would also entangle the courts in endless second-guessing of police decisions made under stress and subject to the exigencies of the moment. [¶] **Officers thus need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable.**

*Scott v. Henrick,* 39 F.3d 912, 915 (9th Cir. 1994) (emphasis added); *accord Illinois v. Lafayette,* 462 U.S. 640, 647 (1983); *Billington v. Smith,* 292 F.3d 1177, 1189 (9th Cir. 2002) ("'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable'").

Moreover, "'The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.' . . . All determinations of unreasonable force, however, 'must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.'" *Hayes v. Cnty. of San Diego,* 736 F.3d 1223, 1232 (9th Cir. 2013) (quoting *Graham v. Connor,* 490 U.S. 386, 396-97 (1989).)

Second, the instruction is necessary to counteract plaintiffs' erroneous contention – and particularly the contention of plaintiffs' expert – that the defendant officer was required to use the *least* intrusive force measure available to him. The

1  instruction thus places the Ninth Circuit standard instruction into its proper legal

2  framework on the issue of the availability of lesser force options.

3          Third, contrary to plaintiffs' contentions, the available model instruction does

4  not accurately state the law that this instruction quotes for the fact-finder. This

5  instruction does not state that alternative methods are a factor the jury may consider in

6  the calculus of reasonableness – which is the model instruction language: this

7  instruction accurately cites the controlling case law holding that the officer at issue is

8  *not* required to use the least intrusive force available.

9          Accordingly, defendants respectfully request that the honorable Court read to

10  the jury an instruction comparable to this instruction.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7: CAUSATION (FEDERAL-LAW CLAIMS) [MODIFIED]**

In order to establish that the acts or failures to act of the Defendant Riverside County deprived the Decedent of particular rights under the United States Constitution as explained in the foregoing instructions, the Plaintiff must prove by a preponderance of the evidence that the acts or failure were so closely related to the deprivation of the particular constitutional rights as to be the moving force that caused the ultimate injury.

Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause.

Authority: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 9.2.

PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction because the "moving force" language is already included in the Parties' jointly-submitted Jury Instruction on Municipal Liability, which is Ninth Circuit Model Instruction No. 9.5.

Plaintiff also objects that there is no § 9.2 instruction.

DEFENDANTS' SUPPORT OF INSTRUCTION:

This instruction is an accurate statement of the law of causation (proximate causation) that applies to federal law claims pursuant to the comments in the Ninth Circuit Manual of Model Jury Instructions, Civil (2017 ed., updated June 2021), § 9.2.

Specifically, "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.* This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir.

1   1981); *see also Stevenson v. Koskey*, 877 F.2d 1435, 1438 (9th Cir. 1989) (noting that federal

2   courts turn to common law of torts for causation in civil rights cases).

3         Moreover, a person deprives another of a constitutional right, within the

4   meaning of § 1983, "if he does an affirmative act, participates in another's affirmative

5   act, or omits to perform an act which he is legally required to do that causes the

6   deprivation of which complaint is made." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479

7   F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

8   1978)). "An officer's liability under section 1983 is predicated on his integral

9   participation in the alleged violation." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691

10   (9th Cir. 2019) (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir.

11   2007) (internal quotes omitted)).

12         In *Jones v. Williams*, the Ninth Circuit affirmed a defense verdict in a § 1983 case

13   in which the district judge gave the following "concurrent cause" instruction to address

14   allegations of supervisory and group liability: "[M]any factors or things or the conduct

15   of two or more persons can operate at the same time either independently or together

16   to cause injury or damage and in such a case each may be a proximate cause." *Jones v.*

17   *Williams*, 297 F.3d 930, 937 n.6 (9th Cir. 2002).

18         Thus, Defendants respectfully request that this Court use this modified jury

19   instruction as to causation regarding Plaintiff's federal-law claims.

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8: NEGLIGENCE IN USE OF FORCE AND TACTICS PRECIPITATING USE OF FORCE\***

Under California law, a law enforcement officer may use reasonable force to arrest, detain, prevent escape of, or overcome resistance by a person when the officer has reasonable cause to believe that that person has committed or is committing a crime.

However, the officer may use only that degree of force necessary to arrest, detain, or overcome resistance by the person.

Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

Plaintiff Tracy Alves claims that Defendant Deputies Sonia Gomez and/or Brian Keeney were negligent in using unreasonable force to arrest, detain, prevent escape of, or overcome resistance by Decedent Kevin Niedzialek.

To establish this claim, Plaintiff must prove all of the following:

1.    That Defendant Deputies Sonia Gomez and/or Brian Keeney used force to arrest, detain, prevent escape of, or overcome resistance by Decedent;

2.    That the amount of force used by Defendant Deputies Sonia Gomez and/or Brian Keeney was unreasonable;

3.    That Decedent was harmed; and

4.    That the use of unreasonable force by Defendant Deputies Sonia Gomez and/or Brian Keeney was a substantial factor in causing Decedent's harm.

In deciding whether Defendant Deputies Sonia Gomez and/or Brian Keeney used unreasonable force, you must consider the totality of the circumstances of the arrest, detention, prevent escape, or overcome resistance by Decedent and determine what amount of force a reasonable officer in Defendant Deputies Sonia Gomez and/or Brian Keeney's position would have used under the same or similar circumstances.

"Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Defendant Deputies Sonia Gomez and/or Brian Keeney and Decedent leading up to the use of force. Among the factors to be considered are the following:

(a)      Whether Decedent reasonably appeared to pose an immediate threat to the safety of Defendant Deputies Sonia Gomez and/or Brian Keeney or others;

(b)      The seriousness of the crime at issue;

(c)      Whether Decedent was actively resisting arrest or detention, or attempting to avoid arrest or detention by flight; and/or

(d)      Defendant Deputies Sonia Gomez and/or Brian Keeney's tactical conduct and decisions before using force on Decedent.

In evaluating the reasonableness of the Defendant Deputies' use of force, you may only consider the tactical conduct and decisions that Defendant Deputies Sonia Gomez and/or Brian Keeney made before using force on Decedent if you find that the Defendant Deputies' pre-force tactical conduct/decisions unreasonably provoked/caused Defendant to take a specific action that, in turn, the Defendant Deputies assert was one of the reasons the Defendant Deputies subsequently used force on Defendant.

Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") nos. 440 (2020) (modified), 400, 401, 3020; see also Cal. Gov. Code §§ 815.2, 820, 820.2, 820.4, 820.8, 821; Young v. County of Los Angeles, 655 F.3d 1156, 1170 (9th Cir. 2011); Martinez v. County of Los Angeles, 47 Cal.App.4th 334, 349-350 (1996); Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1272-1273 (2009); Hayes v. County of San Diego, 57 Cal.4th 622 (2013).

PLAINTIFF'S OBJECTION:

Plaintiff objects that the controlling authority, *Hayes v. County of San Diego*, 57 Cal. 4th 622 (2013) does not support this instruction because *Hayes* held that the California negligence standard and the federal excessive-force standard are not the same, *Id.* at 697, because "state negligence law, which considers the totality of the circumstances . . .

is broader than federal Fourth Amendment law, which tends to focus more narrowly on the moment when deadly force is used." *Id.* at 696 (citations omitted).

Plaintiff objects that this instruction is only appropriate when a plaintiff bases a negligence claim solely on an officer's use of excessive force. Here, however, Plaintiff bases her negligence claim on excessive force, failure to provide medical care to a known and obvious medical need, and unreasonably placing Mr. Niedzialek in a position of significant known danger.

DEFENDANTS' SUPPORT OF INSTRUCTION:

As explained more fully in defendants' *Hayes* brief [Dkt. 111, incorporated here by reference], the new CACI 440 instruction, while an improvement on prior CACI instructions in the negligence context, contains at least two fatal errors that invite, if not mandate, appellate review if given as written.

First, and most importantly, the uncorrected CACI 440 instruction omits a key causation requirement before pre-force tactical negligence can be actionable – or be pertinent in evaluating whether a subsequent use of force was unreasonable/negligent: namely, both the *Hayes* case itself (including the two precedents it cites – *Grudt* and *Munoz*) and the overwhelming majority of the post-*Hayes* cases on point show that pre-force tactical negligence can only cause a subsequent use of force to be deemed unreasonable/negligent under California law where that pre-force tactical negligence is, in effect, the ultimate cause of the use of force. This is because, as *Hayes* and the post-*Hayes* cases clearly show, while the *scope* of actionable conduct under California negligence law can extend to officer conduct occurring before the seizure (unlike the evaluation of federal excessive force or California battery claims), and though the *standard* for evaluating the reasonableness of that pre-force conduct remains the same under California law as under federal law (*Graham* reasonableness), **unless the officer's alleged pre-force negligence caused-provoked the suspect to take some action that, in turn, the same officer used/relied upon to justify his use of force, the**

1  **pre-force "negligence" is legally irrelevant** – even under *Hayes. See, e.g., Hayes v.*

2  *County of San Diego,* 57 Cal.4th 622, 618-629 (2013); *Grudt v. City of Los Angeles,* 2 Cal.3d

3  575, 587 (1970); *Munoz v. Olin,* 24 Cal.3d 629, 630-634 (1979); *accord Mulligan v. Nichols,*

4  835 F.3d 983, 986-987, 991-992 (9th Cir. 2016); *Gonzalez v. City of Antioch,* 697

5  Fed.Appx. 900, 901-902 (9th Cir. 2017); *J.A.L. v. Santos,* 2018 U.S.App. LEXIS 2916,

6  *2-5 (9th Cir. Feb. 6, 2018); *Vos v. City of Newport Beach,* 2016 U.S. Dist. LEXIS 152248,

7  *1-4, 13-19, 23-27 (C.D. Cal. 2016); *Ortega v. San Diego Police Dept.,* 2014 U.S. Dist.

8  LEXIS 160572, *2-5, 19, 24-27 (S.D. Cal. 2014); *Champommier v. United States,* 2013 U.S.

9  Dist. LEXIS 119885, *56-57, 70-73 (C.D. Cal. 2013); *Montez v. City of Stockton,* 2017

10  U.S. Dist. LEXIS 94180, *2-4, 8-12, 15-16 (E.D. Cal. 2017).

11       As explained at length in defendants' *Hayes* brief, CACI 440 inexplicably omits

12  the necessary link between tactical negligence as the precipitating force behind the

13  suspect conduct that, in turn, prompts the use of force at issue. As worded, CACI 440

14  is likely to invite jurors to make the erroneous presumption that as long as the alleged

15  tactical negligence occurs before the use of force at issue, and the use of force at issue

16  causes injury, then the pre-force tactical negligence is actionable: and *this is not at all the*

17  *case. Id.*

18       Second, as written, CACI 440 misstates the legal standard for when officers can

19  make a lawful detention. While an arrest by an officer must be supported by *probable*

20  *cause* – namely, from the perspective of a reasonable officer under the totality of the

21  circumstances known to the arresting officer, the arresting officer has an objectively

22  reasonable belief that a specific person has committed a crime – a temporary detention

23  by an officer must only be supported by a reasonable suspicion: namely, that, from the

24  perspective of a reasonable officer under the totality of the circumstances known to the

25  detaining officer, the detaining officer has an objectively reasonable suspicion that a

26  specific person has committed, is committing, or is about to commit a crime. *See, e.g.,*

27  *Terry v. Ohio,* 392 U.S. 1 (1968).

28

1        In other words, defendants contend that the modified version of this model

2  instruction contains a correct statement of the law post-*Hayes*. CACI Instruction No.

3  440 without the correction-language is flawed because it omits the key holding that

4  formed the foundation of the court's opinion: that the threshold issue for evaluating

5  pre-force tactical conduct is that the officer's *Graham*-unreasonable tactics must have

6  provoked/caused the suspect to take specific action, and that it was that provoked

7  action by the suspect upon which the officer relied to justify the use of force at issue:

8  namely, that it was the officer's pre-force negligence that was the ultimate or

9  superseding cause of the use of force at issue.

10        Additionally, contrary to the assertions of some (and overreliance on the

11  Supreme Court's use of the word "standard" where, by context, it clearly meant

12  "scope"), *Hayes* decision does *not* alter how reasonableness of officer conduct is

13  evaluated: in fact, the *Hayes* Court specifically reiterated that the *Graham* standard

14  applies to evaluation of the reasonableness of officer conduct even when evaluating a

15  negligence claim against the officer. *Hayes v. County of San Diego,* 57 Cal.4th 622, 637-639

16  (2013); *see also Hayes v. County of San Diego,* 736 F.3d 1223, 1227-1233 (9th Cir. 2013);

17  Dkt. Doc. 131. What the *Hayes* decision did is correct certain errors made by several

18  federal courts, which interpreted *Munoz v. City of Union City* to stand for the erroneous

19  proposition that the scope of actionable conduct for a California negligence claim was

20  limited to conduct occurring from the seizure forward: under *Hayes,* an officer may be

21  liable under a California negligence claim or pre-seizure conduct that negligently

22  provokes a subject to take action that, in turn, prompts the officer to use (deadly) force.

23  *Id.* However, even under *Hayes,* whether that officer's pre-seizure conduct was

24  negligent (un-reasonable) is determined under the *Graham* reasonableness standard

25  (whether, under the totality of the circumstances, from the perspective of a reasonable

26  peace officer on the scene, the conduct at issue was reasonable). *Id.*

27        Finally, plaintiff's contention that the insertion of pre-force tactics into the

28  model is unnecessary is a contention without merit. Plaintiff has made it clear that his

1   intention is that defendant Fransik's pre-force tactical decision was unreasonable: and

2   the thrust of their case, and the *Hayes* tactical negligence law, is about pre-force

3   negligence – so it is proper to clarify that issue when instructing the jury.

4          Accordingly, the Court should reject plaintiff's contentions that CACI 440 is

5   correct as-is: because the instruction contains at least two fatal errors that will

6   undoubtedly mislead the jury as to the correct state of the law.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9: STANDARD
FOR CALIFORNIA LAW CLAIMS REGARDING REASONABLENESS
RELATED TO A SEIZURE IS GOVERNED BY THE U.S. FOURTH
AMENDMENT\***

Under California law, where a peace officer's seizure (including a use of force) is found to be objectively reasonable under the federal Fourth Amendment standard – namely, where from the perspective of a reasonable police officer, the defendant officer's use of force is objectively reasonable under the totality of the circumstances – that officer's seizure/use of force is also reasonable under California law, including California law claims for battery/excessive force, assault, negligence, and/or wrongful death.

If you find that a defendant deputies' seizure/use of force is objectively reasonable under the federal Fourth Amendment standard, you must find that defendant deputies' seizure/use of force to be objectively reasonable in evaluating plaintiff's California law claims related to a seizure (including a use of force).

Authority: Hayes v. County of San Diego, 57 Cal.4th 622, 637-639 (2013); Yount v. City of Sacramento, 43 Cal.4th 885, 902 (2008); Martinez v. County of Los Angeles, 47 Cal.App.4th 334, 349-350 (1996); Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1272-1273 (2009); Lopez v. City of Los Angeles, 196 Cal.App.4th 675, 690-692 (2011); see also Cal. Gov. Code §§ 815.2, 820, 820.2, 820.4, 820.8, 821; Munoz v. City of Union City, 120 Cal.App.4th 1077, 1101-1103 (2004); Brown v. Ransweiler, 171 Cal.App.4th 516, 525 (2009); Young v. County of Los Angeles, 655 F.3d 1156, 1170 (9th Cir. 2011); Hayes v. County of San Diego, 736 F.3d 1223, 1232 (9th Cir. 2013); CACI no. 1300, 1301.

PLAINTIFF'S OBJECTION:

Plaintiff objects that this instruction is unnecessary, because the Parties may simply stipulate that if Plaintiff proves her Fourth Amendment, excessive-force claim, then Plaintiff will have also proved her battery claim.

Plaintiff also objects that this instruction is inaccurate, because the standard for negligence is broader than the Fourth Amendment standards. Plaintiff objects that the

1    controlling authority, *Hayes v. County of San Diego*, 57 Cal. 4th 622 (2013) does not

2    support this instruction because *Hayes* held that the California negligence standard and

3    the federal excessive-force standard are not the same, *Id.* at 697, because "state

4    negligence law, which considers the totality of the circumstances . . . is broader than

5    federal Fourth Amendment law, which tesnd to focus more narrowly on the moment

6    when deadly force is used." *Id.* at 697 (citations omitted).

7         A reasonable jury may find a use of force reasonable under the Fourth

8    Amendment, but a reasonable jury may also find, after taking into account the tactics

9    and decisions leading to the use of force, that the use of force was unreasonable under

10   California negligence law. *Hayes v. County of San Diego*, 57 Cal. 4th 622, 637–639 (2013)

11

12

13        DEFENDANTS' SUPPORT OF INSTRUCTION:

14        This Special instruction is necessary to avoid jury confusion that increasingly

15   arises from verdict-splitting: namely, jurors finding that the federal excessive force

16   claim held no liability for defendants, but then finding liability on the state

17   force/seizure-related claims – a problem that invariably leads to costly and time-

18   consumptive post-trial motions and appeals. Specifically, without this instruction and

19   other protective measures, jurors will likely be confused to believe that they may find a

20   negligent use of force even if they do not find an unconstitutional use of force: even

21   though California precedent repeatedly clarifies that California torts arising from police

22   seizures are analyzed under the federal *Graham* standard.

23        Moreover, as explained in more detail in defendants' *Hayes* brief [Dkt. Doc. 111],

24   plaintiff's erroneous contention that Hayes creates a new standard for evaluating the

25   reasonableness of officer pre-force conduct or officer force must be soundly rejected:

26   as evidenced by a thorough review of the *Hayes* and post-*Hayes* cases. *See, e.g., Hayes v.*

27   *County of San Diego*, 57 Cal.4th 622, 618-629 (2013); *Grudt v. City of Los Angeles*, 2 Cal.3d

28   575, 587 (1970); *Munoz v. Olin*, 24 Cal.3d 629, 630-634 (1979); *accord Mulligan v. Nichols*,

835 F.3d 983, 986-987, 991-992 (9th Cir. 2016); *Gonzalez v. City of Antioch,* 697 Fed.Appx. 900, 901-902 (9th Cir. 2017); *J.A.L. v. Santos,* 2018 U.S.App. LEXIS 2916, *2-5 (9th Cir. Feb. 6, 2018); *Vos v. City of Newport Beach,* 2016 U.S. Dist. LEXIS 152248, *1-4, 13-19, 23-27 (C.D. Cal. 2016); *Ortega v. San Diego Police Dept.,* 2014 U.S. Dist. LEXIS 160572, *2-5, 19, 24-27 (S.D. Cal. 2014); *Champommier v. United States,* 2013 U.S. Dist. LEXIS 119885, *56-57, 70-73 (C.D. Cal. 2013); *Montez v. City of Stockton,* 2017 U.S. Dist. LEXIS 94180, *2-4, 8-12, 15-16 (E.D. Cal. 2017).

Additionally, particularly where (as here) plaintiff proposes a verdict form by claim (as opposed to by issue), this instruction is necessary to avoid an inconsistent verdict that could result from such. [For additional detail and authority on this point, defendants incorporate by reference here their brief on point: Defs.' Brief on Verdict Form By Issue, Aug. 9, 2021, Dkt. 110.]

This instruction is thus an accurate statement of California law on the standard for evaluating tort claims arising from officer seizures or uses of force (which are to be adjudged under Fourth Amendment case law) – including but not limited to California law claims for negligence in use of force, assault/battery, and wrongful death. *See, e.g., Hayes v. County of San Diego,* 57 Cal.4th 622, 637-639 (2013) (adopting *Graham* reasonableness standard for seizure-related negligence claims against officers but clarifying that scope of liability may extend to pre- seizure conduct under certain circumstances); *Martinez v. County of Los Angeles,* 47 Cal. App. 4th 334, 349-350 (1996) (citing Cal. Penal Code § 196 and holding that where officers used reasonable force under the Fourth Amendment standards, there could be no liability under comparable state-law torts); *see also* Cal. Penal Code § 196, 835a, 836.5(b); *Edson v. City of Anaheim,* 63 Cal.App.4th 1269, 1272-1273 (1998) (holding that the standard for reasonable force under state assault/battery law is the same as it is for federal excessive force cases); *Brown v. Ransweiler,* 171 Cal.App.4th 516, 525 (2009) (holding that an officer is immune from any state-law claim for negligence in "pre-shooting conduct" and tactical decisions associated with the use of force where the use of force itself is reasonable

1  under the Fourth Amendment standard); *Munoz v. City of Union City,* 120 Cal.App.4th

2  1077, 1101-1103 (2004) (holding that as to a state-law battery claim, whether the force

3  was unreasonable must be decided under the Fourth Amendment reasonableness

4  standard); *Gilmore v. Superior Ct.,* 230 Cal.App.3d 316, 419-422 (1991) (an officer is

5  immune from any liability under state law torts arising from a "justifiable homicide" as

6  defined by California law); *Young v. County of Los Angeles,* 655 F.3d 1156, 1170 (9th Cir.

7  2011) (citing *Munoz* for the proposition that the Fourth Amendment reasonableness

8  standard must be applied to a claim that an officer was negligent in using excessive

9  force); *cf.* Cal. Penal Code §§ 196, 197; *Lopez v. City of Los Angeles,* 196 Cal.App.4th 675,

10  690-692 (2011); *accord Alejandro v. Williamson,* 2008 U.S. Dist. LEXIS 35417, *32-33

11  (E.D. Cal. 2008); *Liberal v. Estrada,* 632 F.3d 1064, 1071-1072, 1072 n. 6, 1077-1078

12  (9th Cir. 2011) (holding that whether probable cause to arrest existed for purposes of

13  state-law immunity under Penal Code § 836.5 rested on application of federal Fourth

14  Amendment law regarding probable cause arrests); *Bulfer v. Dobbins,* 2011 U.S. Dist.

15  LEXIS 11358, *24-25, 43 (S.D. Cal. 2011) (holding that plaintiff's state-law false

16  imprisonment claim failed where the officer had probable cause to arrest under federal

17  Fourth Amendment law); *Collins v. City & County of San Francisco,* 50 Cal.App.3d 671,

18  673 (1975) (holding that false arrest and false imprisonment are not separate torts in

19  California); *Salazar v. Upland Police Dept.,* 116 Cal.App.4th 934, 948-951 (2004) (applying

20  federal Fourth Amendment law in determining the extent of an officer's state-law

21  authority to arrest).

22       Additionally, in response to the contentions of some on the implications of the

23  *Hayes* case, such persons misconstrue *Hayes.* The *Hayes* decision does *not* alter how

24  reasonableness of officer conduct is evaluated: in fact, the *Hayes* Court specifically

25  reiterated that the *Graham* standard applies to evaluation of the reasonableness of

26  officer conduct even when evaluating a negligence claim against the officer. *Hayes v.*

27  *County of San Diego,* 57 Cal.4th 622, 637-639 (2013); *see also Hayes v. County of San Diego,*

28  736 F.3d 1223, 1227-1233 (9th Cir. 2013). What the *Hayes* decision did is correct certain

errors made by several federal courts, which interpreted *Munoz v. City of Union City* to stand for the erroneous proposition that the scope of actionable conduct for a California negligence claim was limited to conduct occurring from the seizure forward: under *Hayes,* an officer may be liable under a California negligence claim for pre-seizure conduct that negligently provokes a subject to take action that, in turn, prompts the officer to use (deadly) force. *Id.* However, even under *Hayes,* whether that officer's pre-seizure conduct was negligent (un-reasonable) is determined under the *Graham* reasonableness standard (whether, under the totality of the circumstances, from the perspective of a reasonable peace officer on the scene, the conduct at issue was reasonable). *Id.*

Accordingly, Defendants respectfully request that the honorable Court read to the jury an instruction comparable to this instruction.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10: CAUSATION OF INJURY-DEATH DISPUTED***

For federal-law claims, the standard for causation is known as the proximate cause standard. To show that the act of a defendant was the proximate cause of the injury of a plaintiff or plaintiff's decedent, the plaintiff must prove by a preponderance of the evidence that the acts of that defendant were so closely related to the deprivation of the particular constitutional or legal rights as to be the moving force that caused the ultimate injury.

For California-law claims, the standard of causation is known as the substantial factor cause standard. To show that the act of a defendant was the proximate cause of the injury of a plaintiff or plaintiffs' decedent, the plaintiff must prove by a preponderance of the evidence that the acts of that defendant were a substantial factor in causing that injury. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Under both standards, a mere possibility of causation is not enough.

Proof of causation cannot be based on mere speculation, conjecture and inferences drawn from other inferences to reach a conclusion unsupported by any real evidence.

Where causation of injury or death is disputed, in order to prove that a force was a substantial factor or proximate cause in causing the injury of plaintiffs or the death of plaintiff's decedent, plaintiff must prove by a preponderance of the evidence, based upon competent expert testimony, that there is a reasonable medical certainty that the defendant's conduct caused or contributed to the injury of plaintiff or the death of plaintiff's decedent.

While there are many possible causes of any injury or of death, a possible cause only becomes probable when, in the absence of other reasonable causal explanations, it

becomes more likely than not that the injury or death was a result of the action of such defendant.

A force which plays only a negligible, infinitesimal, or theoretical part in bringing about injury, damage, death, or loss is not a substantial factor or proximate cause.

Conduct is not a substantial factor in causing harm, or a proximate cause of harm, if the same harm would have occurred without that conduct.

Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 430; Ninth Circuit Manual of Model Jury Instructions, Civil (West 2007, Modified October 2009), § 9.8; Rutherford v. Owens-Illinois, Inc., 16 Cal.4th 953, 976 n. 11 (1997); Bockrath v. Aldrich Chem. Co., 21 Cal.4th 71, 79 (1999); Lineaweaver v. Plant Insulation Co., 31 Cal.App.4th 1409, 1416 (1995); Saelzler v. Advanced Group 400, 25 Cal.4th 763, 775-776 (2001); Viner v. Sweet, 30 Cal.4th 1232, 1239 (2003); Daubert v. Merrell Dow Pharms., 509 U.S. 579, 590-593 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999); General Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997); Kennedy v. Southern Cal. Edison Co., 268 F.3d 763, 767-768 (9th Cir. 2001); Jones v. Williams, 297 F.3d 930, 937 n.7 (9th Cir.2002).

PLAINTIFF'S OBJECTION:

Plaintiff objects that this instruction is covered by other model instructions that the Parties have agreed upon, including: CACI 430, on causation; Ninth Circuit Model Instruction No. 2.1, Expert Opinion; Ninth Circuit Model Instruction No. 9.5, which uses the phrase "moving force," and Ninth Circuit Model Instruction No. 9.8, which uses the phrase "played a substantial part."

Plaintiff objects that this instruction is argumentative

Plaintiff objects that this instruction misstates the law.

DEFENDANTS' SUPPORT OF INSTRUCTION:

Plaintiff improperly only offers California law regarding substantial factor causation jury instructions for all of plaintiff's claims.  Federal legal causation standard is differs from and is slightly narrower than California, as showcased by Defendant's authority as cited above.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11: DAMAGES— MITIGATION**

The Plaintiff and Decedent have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1.      that the plaintiff or plaintiff's decedent failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

Authority: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 5.3.

PLAINTIFF'S OBJECTION:

Plaintiff objects that this insruction lacks a factual basis.

DEFENDANTS' SUPPORT OF INSTRUCTION:

This instruction is an accurate statement of the law and is the model Ninth Circuit civil jury instruction regarding mitigation of damages.  Defendants anticipate that testimony that plaintiff failed to mitigate her damages by no longer seeing any health care providers re her alleged emotional and psychological damages.

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12: NO DAMAGES IF NO LIABILITY*

If you find that Plaintiff failed to prove by a preponderance of the evidence that any of the Defendants violated Plaintiff's or Decedent's rights as claimed, in other words, if you find that none of the Defendants are liable to the Plaintiff, you must not award damages to Plaintiff in this case.

Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3900 (modified).

PLAINTIFF'S OBJECTION:

Plaintiff objects that this instruction is covered by the Parties' agreed-upon Jury Instruction on Preponderance of the Evidence which is also Ninth Circuit Model Instruction No. 1.6

Plaintiff also objects that this instruction is argumentative.

DEFENDANTS' SUPPORT OF INSTRUCTION:

This instruction clarifies to the jury that if the jury does not find any defendants liable, then no damages can be awarded.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13: PUNITIVE
DAMAGES – PREDICATE – CALIFORNIA CLAIMS**


If you decide that an officer defendant's conduct caused plaintiff or plaintiff's decedent harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if plaintiff proves by clear and convincing evidence that Defendant Deputies Sonia Gomez and/or Brian Keeney engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Defendant Deputies Sonia Gomez and/or Brian Keeney acted with intent to cause injury or that Defendant Deputies Sonia Gomez and/or Brian Keeney's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendant Deputies Sonia Gomez and/or Brian Keeney's conduct was despicable and subjected Decedent to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendant Deputies Sonia Gomez and/or Brian Keeney intentionally misrepresented or concealed a material fact and did so intending to harm Decedent.


Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3941.

PLAINTIFF'S OBJECTION:

1    Plaintiff objects that this instruction is unnecessary, because Plaintiff seeks
2  punitive damages only under federal law.

3

4    DEFENDANTS' SUPPORT OF INSTRUCTION:

5    If plaintiff is willing to enter into a stipulation for dismissal with prejudice as to
6  plaintiff's California law punitive claims, defendants are willing to withdraw this
7  instruction.

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14: BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Authority: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 1.7.

PLAINTIFF'S OBJECTION:

Plaintiff objects that this instruction is unnecessary, because Plaintiff seeks punitive damages only under federal law.

DEFENDANTS' SUPPORT OF INSTRUCTION:

This instruction details and clarifies to the jury what constitutes the burden of proof for clear and convincing evidence.  Therefore, it is appropriate to give this instruction to the jury.  However, if plaintiff is willing to enter into a stipulation for dismissal with prejudice as to plaintiff's California law punitive claims, defendants are willing to withdraw this instruction.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15: PUNITIVE DAMAGES – CALCULATION  [TO BE READ IN PUNITIVE DAMAGES PHASE OF TRIAL ONLY]**

You must now decide the amount, if any, that you should award plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)     How reprehensible was the conduct of Defendant Deputies Sonia Gomez and/or Brian Keeney, and/or Chad Bianco? In deciding how reprehensible the defendants' conduct was, you may consider, among other factors:

1.     Whether the conduct caused physical harm;

2.     Whether that defendant disregarded the health or safety of others;

3.     Whether Decedent was financially weak or vulnerable and Defendant Deputies Sonia Gomez and/or Brian Keeney, and/or Chad Bianco knew Decedent was financially weak or vulnerable and took advantage of him;

4.     Whether Defendant Deputies Sonia Gomez and/or Brian Keeney, and/or Chad Bianco conduct involved a pattern or practice; and

5.     Whether Defendant Deputies Sonia Gomez and/or Brian Keeney, and/or Chad Bianco acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and plaintiff's harm?

(c) In view of Defendant Deputies Sonia Gomez's and/or Brian Keeney's and/or Chad Bianco's financial condition, what amount is necessary to punish him or her and discourage future wrongful conduct? You may not increase the punitive award

above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. Any award you impose may not exceed Defendant Deputies Sonia Gomez's and/or Brian Keeney's and/or Chad Bianco's ability to pay.

Punitive damages may not be used to punish a defendant for the impact of his or her alleged misconduct on persons other than plaintiff.

Authority: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3942; *see also* Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 5.5.

PLAINTIFF'S OBJECTION:

Plaintiff objects that this instruction is unnecessary, because Plaintiff seeks punitive damages only under federal law.

DEFENDANTS' SUPPORT OF INSTRUCTION:

If the Court chooses to bifurcate this trial for a punitive damages calculation section, this instruction would therefore be appropriate.

Bifurcation is sought:

(1) Dep. Keeney/Gomez liability for compensatory damages and punitive damages predicate; (2) municipal defendants' liability; and then final phase (3) punitive damages calculation, if any.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16:
## INTRODUCTION TO THE SPECIAL VERDICT FORM*

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the forms carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form in the order they appear. After you answer a question, the form tells you what to do next.

All of you must deliberate on and answer each question. All of you must agree on an answer before you can move on to the next question.

When you have finished filling out the form, your presiding juror must write the date and sign it at the bottom of the last page and then notify the bailiff that you are ready to present your verdict in the courtroom.


Authority: CACI 5012 (modified).

PLAINTIFF'S OBJECTION:

Plaintiff objects that this instruction is already covered in the Parties' jointly proposed Jury Instruction, which is the same as Ninth Circuit Model Civil Instruction No. 3.5, "Return of Verdict."

DEFENDANTS' SUPPORT OF INSTRUCTION:

Defendants' position is this instruction provides further detail and clarification to the parties' jointly proposed jury instruction based on the Ninth Circuit Model Civil Instruction No. 3.5.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17: NO DIRECT NEGLIGENCE CLAIM AVAILABLE AGAINST PUBLIC ENTITY.**

For Plaintiff's California-law claims, including but not limited to battery/excessive force and wrongful death by negligence in force and pre-force tactics, the public entity is only a vicarious liability defendant.

This means that, for those state-law claims, the public entity defendant, the County of Riverside, is only liable if you find by a preponderance of the evidence that the individual defendants, Deputies Sonia Gomez and/or Brian Keeney, and/or Chad Bianco are liable to Plaintiff for damages.

There is no operative or valid claim in this action alleging any negligence or other misconduct or wrongdoing by the public entity defendant, the County of Riverside.  The public entity's conduct is not at issue in this case.

In evaluating any or all of Plaintiff's claims, you shall not consider the alleged conduct, actions, omissions, or alleged failures to act by the public entity defendant, the County of Riverside, in your evaluation of the conduct, actions, omissions, or alleged failures to act by the individual officer defendant.

Allegations that the public entity defendant, the County of Riverside, was negligent in any of its conduct, including but not limited to any hiring, training, supervision, investigation, of discipline pertaining to any of its law enforcement officers, including but not limited to Deputies Sonia Gomez and/or Brian Keeney, are irrelevant: they are not evidence and you shall disregard them if raised in this case.

Authority: Cal. Gov. Code §§ 815, 815.2; Zelig v. County of Los Angeles (2002) 27 Cal.4th 1112, 1118-1130, 1131-1141; Eastburn v. Regional Fire Protection Auth. (2003) 31 Cal.4th 1175, 1179-1180, 1183 ["direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714"]; de Villers v. County of San Diego (2007) 156 Cal.App.4th 238, 251-253, 255-256 [holding that a government entity could not be held directly liable for its own negligence and distinguishing the Cal. Gov. Code § 815 bar on claims for direct negligence from the authorization under Cal. Gov. Code §§ 815.2, 820 for vicarious liability claims].)

1    PLAINTIFF'S OBJECTION:

2    Plaintiff objects that this instruction omits Chad Bianco as an individual

3 defendant. Plaintiff would have no objection to the instruction, provided that it does

4 not omit Chad Bianco, also an individual defendant.

5    DEFENDANTS' SUPPORT OF INSTRUCTION:

6    Defendants agree to include Chad Bianco as an individual defendant, as noted

7 above.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28