# EXHIBIT A

No. 21-55957

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TRACY ALVES,

*Plaintiff-Appellee*,

v.

RIVERSIDE COUNTY, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT,
SHERIFF-CORONER CHAD BIANCO, DEPUTY SONIA GOMEZ, DEPUTY
BRIAN KEENEY

*Defendants-Appellants*

On Interlocutory Appeal from the United States District Court
for the Central District of California
No. 5:19-cv-02083-JGB-SHKx
Hon. Jesus G. Bernal

**PLAINTIFF-APPELLEE'S STATUS REPORT AND
RENEWED MOTION TO DISMISS**

John Burton
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Ave.
Pasadena, California 91103
(626) 449-8300
jb@johnburtonlaw.com

*Additional Counsel on following page*

Dale K. Galipo
Hang D. Le
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
(818) 347-3333
dalekgalipo@yahoo.com
hlee@galipolaw.com

T. Kennedy Helm, IV
HELM LAW OFFICE, PC
644 40th St., Ste. 305
Oakland, CA 94609
(510) 350-7517
kennedy@helmlawoffice.com

## INTRODUCTION

In this 42 U.S.C. § 1983 action, Plaintiff-Appellee Tracy Alves contends Defendants-Appellants Riverside County Sheriff's Deputies Sonia Gomez and Brian Keeney held her brother prone after handcuffing, which resulted in his death by asphyxiation. Because the deputies followed policies, customs, and training of the entity defendants, Riverside County and the Riverside County Sheriff's Department, as implemented by Sheriff-Coroner Chad Bianco, Plaintiff-Appellee filed both individual claims against the deputies, subject to qualified immunity, and *Monell* and supervisory liability claims against the entities and Sheriff Bianco, which are not.

The district court denied summary judgment, leading to this interlocutory appeal. The claim of qualified immunity of Deputies Gomez and Keeney arguably provided them interlocutory appellate jurisdiction under *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiff-Appellee Alves moved to dismiss the deputies altogether, and to dismiss the appeal of the remaining parties based on lack of appellate jurisdiction. (Dkt. 7)

This Court denied the motion without prejudice and remanded to the district court for the limited purpose of resolving Plaintiff-Appellee's pending ex parte application to dismiss Deputies Gomez and Keeney, and ordered Plaintiff-Appellee Alves to file a "status report in this court and/or a motion for appropriate relief" within 14 days of the district court's ruling. Dkt. 15. On December 3, 2021, the

1

district court granted the ex parte application and dismissed Defendants-Appellants
Sonia Gomez and Brian Keeney. Exhibit A (ECF No. 138).

Because the district court dismissed the only parties asserting claims with
interlocutory appellate jurisdiction, Plaintiff-Appellee Alves renews her motion to
dismiss the balance of this interlocutory appeal, now prosecuted only by parties
without claims subject to interlocutory appellate jurisdiction. Fed. R. App. P. 27(a)(1).

## ARGUMENT

The District Court's denial of qualified immunity to Deputies Gomez and
Keeney provides the only jurisdictional basis for this interlocutory appeal. As an
affirmative defense, qualified immunity's expressed purpose is to shield individual
government officers from the burdens of litigation. *Mitchell*, 472 U.S. at 526. Without
the individual defendants' qualified-immunity claim, there is no pendent jurisdiction
to review the issues raised by other parties: the denials of summary judgment to
Riverside County, the Sheriff's Department, and Sheriff-Coroner Bianco.

Qualified immunity does not apply to public entities. *Dougherty v. City of Covina*,
654 F.3d 892, 900 (9th Cir. 2011). Sheriff-Coroner Bianco did not move for qualified-
immunity at summary judgment, waiving interlocutory appellate review of the issue.
*See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014). The district
court's rulings denying these defendants summary-judgment on the *Monell*,
supervisory-liability, and supplemental state-law claims are not immediately

2

appealable. *See Horton by Horton v. City of Santa Maria*, 654 F.3d 592, 603 (9th Cir. 2019); *Liberal v. Estrada*, 632 F.3d 1064, 1074 (9th Cir. 2011).

Courts should extend pendent jurisdiction to parties and rulings that would not otherwise qualify for interlocutory appeal only where essential to the resolution of properly appealed collateral orders. *Swint v. Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995). Pendent party jurisdiction of an otherwise non-appealable ruling depends on that ruling being "inextricably intertwined" with one or more rulings with appellate jurisdiction. *Wong v. United States*, 373 F.3d 952, 960 (9th Cir. 2004). "Meeting *Swint*'s requirements for pendent appellate jurisdiction presents a very high bar. Rare is the ruling that is 'inextricably intertwined' with or 'necessary to ensure meaningful review of' decisions that are properly before us on interlocutory appeal." *Poulos v. Caesars World, Inc.,* 379 F.3d 654, 669 (9th Cir. 2004).

Given the dismissal of Deputies Gomez and Keeney, their qualified-immunity appeal is moot. The non-appealable rulings asserted by the remaining party defendants cannot be "inextricably intertwined," with claims that no longer exist. Accordingly, there is no interlocutory appellate jurisdiction for any claim or party remaining.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellee Tracy Alves respectfully requests

that Defendants' appeal be dismissed.

Respectfully submitted,

Date: December 7, 2021

HELM LAW OFFICE, PC

*/s/ T. Kennedy Helm, IV*
John Burton
Dale K. Galipo
Hang D. Le
T. Kennedy Helm, IV

*Attorneys for Plaintiff-Appellee Tracy Alves*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

**9th Cir. Case Number(s)** 21-55957

The undersigned attorney or self-represented party states the following:

[X] I am unaware of any related cases currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** /s/ T. Kennedy Helm, IV      **Date** December 7, 2021

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-2083 JGB (SHKx)** | Date | December 3, 2021 |
|---|---|---|---|
| Title | ***Tracey Alves v. County of Riverside, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:    Order GRANTING Plaintiff's Ex Parte Application (Dkt. No. 132)**

On September 8, 2021, Plaintiff filed an ex parte application for an order to certify Defendants County of Riverside and Sheriff Chad Bianco's Appeal as Frivolous or Waived and to Drop or Sever Defendants Sonia Gomez and Brian Keeney Pursuant to Fed. R. Civ. P. 21. ("Ex Parte Application," Dkt. No. 132.) Defendants opposed the next day, on September 9, 2021. ("Opposition," Dkt. No. 133.) Defendants filed an amended opposition on November 30, 2021. ("Amended Opposition," Dkt. No. 136.)

The Court GRANTS Plaintiff's ex parte application in part. The Court dismisses Defendants Sonia Gomez and Brian Keeney from this action.

**IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk MG