**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
COUNTY OF RIVERSIDE and
SHERIFF-CORONER CHAD BIANCO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRACY ALVES, individually and as Successor in Interest for KEVIN R. NIEDZIALEK, deceased,<br><br>          Plaintiffs,<br><br>     vs.<br><br>RIVERSIDE COUNTY, RIVERSIDE SHERIFF'S DEPARTMENT, SHERIFF-CORONER CHAD BIANCO and DOES 1-10,<br><br>          Defendants. | Case No. 5:19-CV-02083-JGB-SHK<br>[*Hon. Jesus G. Bernal, District Judge; Hon. Shashi H. Kewalramani, M. Judge*]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF AMENDED MOTION FOR RECONSIDERATION**<br><br>Date:    August 22, 2022<br>Time:    9:00 a.m.<br>Crtrm.:  1 [Riverside]<br><br>Trial Date:        None Set |

**TO THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Defendants COUNTY OF RIVERSIDE (erroneously named as separate parties as COUNTY OF RIVERSIDE and RIVERSIDE SHERIFF'S DEPARTMENT) and SHERIFF-CORONER CHAD BIANCO hereby present their Reply in Support of Amended Motion for Reconsideration and in response to Plaintiffs' Opposition to Defendants' Amended Motion for Reconsideration [Dkt. 150, hereinafter "Amended Motion"] and state as follows:

## 1. INTRODUCTION & SUMMARY OF THE ARGUMENT.

Plaintiff's opposition tries to move the goal posts by setting up and attacking straw man arguments not contained in or misrepresentative of Defendants' Amended Motion for Reconsideration ("Amended Motion"): however, close review of the moving papers will reveal that plaintiff's opposition has no merit. As an initial matter, Plaintiff's request that this action be set for a final pre-trial conference and trial is improper. The Court has not affirmatively lifted the stay on the current proceedings (Dkt. 134, as acknowledged in the caption of Defendants' Amended Motion) and, as such, Plaintiff's request is for affirmative relief that is not the proper subject of an Opposition to Defendants' Amended Motion.

Further, Plaintiff improperly uses the introduction of her Opposition to make arguments that are not related to Defendants' Amended Motion and should not be considered. The bottom line is this: Defendants appropriately bring their Amended Motion because the Court committed clear legal error by not performing the proper quantum of force assessment in this matter and, in doing so, failed to consider material facts of this case. This quantum of force assessment is relevant because Plaintiff's remaining *Monell* and supervisory liability claims in this matter are predicated on the deputies' use of force during the incident – specifically the use of prone restraint – being categorized as lethal force. However, according to relevant and recent new precedent, prone restraint is, as a matter of law, <u>not</u> deadly force and Plaintiffs fail to present any arguments to the contrary. Thus, Defendants respectfully request this Court grant their Amended Motion and modify its August 5, 2021 order to reassess the quantum of force at issue in this incident and reconsider its ruling on Plaintiffs' *Monell* and direct municipal liability claims so as to grant summary judgment.

## 2. THE AMENDED MOTION COMPLIES WITH LOCAL RULE 7-18.

### A. Defendants' Amended Motion is Timely.

Plaintiff improperly makes the inference that, because the Amended Motion was not filed within 14 days after the entry of this Court's Order on Defendants'

Motion for Summary Judgment ("MSJ Order"), it is untimely. However, Defendants' Amended Motion relates back to their original Motion for Reconsideration, which Plaintiffs do not object to being untimely. [*See* Dkt. 121.] Moreover, even if this Amended Motion was untimely (which it is not), C.D. Cal. 7-18 allows a motion for reconsideration to be filed later than 14 days after entry of the Order that is the subject of the motion if good cause is shown. Here, there is good cause shown for the filing of Defendants' Amended Motion because, in the interim period between the Court issuing its MSJ Order and Defendants' Amended Motion, the individual deputy defendants in this matter were dismissed, new case law was issued, and this Court issued a stay while Defendants' appeal was pending. Thus, as discussed in Defendants' Amended Motion, there was good cause for Defendants to amend their original Motion for Reconsideration. [Dkt. 148 at 1:25-2:23.] Moreover, Plaintiff utterly failed to argue that there was not good cause to file this Amended Motion and, therefore, such argument is waived. Defendants' Amended Motion is timely and should be heard on its merits.

### B. It Presents Proper Grounds for Reconsideration.

First, Plaintiff's argument that the dismissal of the defendant deputies does not constitute a material fact that is grounds for reconsideration is prefaced on an improper standard. The standard is not whether Defendants could have proffered this fact in support of summary judgment, but whether the dismissal of the defendant deputies was "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered." C.D. Cal. R. 7-18. Here, Defendants were completely unaware that Plaintiff would dismiss the defendant deputies in this matter at the time the MSJ Order was entered. In fact, Plaintiff's sole purpose in dismissal was avoiding a qualified immunity appeal. Further, the fact that defendant deputies are no longer parties in this matter is certainly material, as the actions of those deputies formed the basis of Plaintiff's lawsuit. Thus, even by

Plaintiff's erroneous standard, Defendants could have proffered the dismissal of defendant deputies in support of summary judgment as substantive evidence of Plaintiff's failure to establish that there was a deprivation of a constitutional or statutory right in this matter unrelated to the individual deputies' liability, resulting in the proper summary judgment for Defendants on all claims. [*See* Dkt. 148 at 23:1-15.]  Thus, the dismissal of the defendant deputies after this Court entered the MSJ Order alone is grounds for reconsideration.

Second, Plaintiff may disagree that *Cortesluna* is not a significant change in law that impacts in this case, but that does not change the fact that *Cortesluna* was a change of law occurring after the MSJ ordered was entered.  *See* C.D. Cal. R. 7-18.  In fact, by attempting to distinguish *Cortesluna* from the matter at hand, Plaintiff demonstrates that it impacts this case. [Dkt. 5:24-6:8.]  Moreover, Plaintiff's citation to *Lombardo v. City of St. Louis*, 141 S. Ct. 2339 (2021) supports Defendants' main argument for reconsideration of this Court's MSJ Order – the need for a quantum of force analysis, as the Supreme Court remanded that matter "to give the court the opportunity to employ an inquiry that clearly attends to the facts and circumstances in answering" whether the officers used unconstitutionally excessive force.  *Id.* at 2442.  This is also sufficient grounds for reconsideration.

Third and finally, Plaintiff's assertion that Defendants did not identify material facts that this Court overlooked is a red herring.  Defendants properly asserted that the Court failed to consider material facts *because* the Court unfortunately made a clear legal error by failing to perform the required quantum of force assessment.  Thus, the material facts that the Court overlooked are all of those which have bearing on a proper quantum of force assessment. [Dkt. 148 at 12:10-14.]  Plaintiff's failure to see how these grounds are intertwined does not mean that Defendants assert improper grounds for reconsideration.  Rather, as discussed above and in Defendants' Amended Motion, Defendants have put forth multiple proper grounds for reconsideration and the Court should grant the Amended Motion accordingly.

## 3. THE AMENDED MOTION IDENTIFIES A CLEAR MATERIAL ERROR.

Plaintiff cherry picks language from a prior filing by Defendants to allegedly support a "concession" that plaintiffs may not have to sue individual officers to bring *Monell* and supervisory claims, but this is not Defendants' concession – Defendants concede that plaintiffs may maintain *Monell* and supervisory claims without suing individual officers, <u>but</u> plaintiffs still *must* show an underlying violation of constitutional rights. [Dkt. 133 at 7:28-8:2 (citing *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights."))); *see* Dkt. 138 at 23:1-8.] In arguing that Defendants' claimed legal error is moot because there are no pending individual § 1983 claims against the now-dismissed deputies, Plaintiff entirely ignores Defendants' argument that a proper quantum of force assessment is necessary because Plaintiff's *Monell* claim is based on an alleged constitutional violation by deputies during the incident at issue. [Dkt. 148 at 23:8-14.] If Plaintiff is now conceding that the deputies did not violate Mr. Niedzialek's constitutional rights, the District Court must now find that Plaintiff cannot show that Mr. Neidzialek suffered a constitutional injury by the County unrelated to the individual officers' liability under § 1983. *Richards v. Cnty. of San Bernardino*, __ F.4th __, 2022 U.S. App. LEXIS 17421, at *24 (9th Cir. 2022).

Moreover, as stated by this Court in its MSJ Order: "Plaintiff here alleges a specific policy affirmatively adopted by the municipality: The County of Riverside trains its deputies to restrain suspects in the prone position in a way Plaintiff alleges constitutes unconstitutional deadly force." [Dkt. 109 at p. 13.] Thus, the quantum of force assessment is also relevant to Plaintiff establishing that Mr. Niedzialek suffered a constitutional injury by the County. Plaintiff's own argument identifies the importance of the quantum of force assessment because Plaintiff makes the same unfortunate mistake that appears in this Court's MSJ Order – equating deadly force

with force that results in death. [Dkt. 150 at 7:19-27.] There is no Ninth Circuit precedent asserting a bright line rule that <u>all</u> prone restraint is deadly force. *See, e.g., Drummond v. City of Anaheim*, 343 F.3d 1052, 1057 n.4 (9th Cir. 2003) ("it is not clear whether the force allegedly applied in this case [prone restraint] constitutes 'deadly force'".) This is why courts perform a quantum of force assessment, properly considering the type and amount of force inflicted in regard to that particular incident. *See Davis v. City of Las Vegas*, 478 F.3d 1048, 1055 (9th Cir. 2007).

Thus, this Court unfortunately made a clear material error when it did not perform the necessary quantum of force assessment in considering the type and amount of force inflicted in regard to the incident at issue in this matter. Such assessment is necessary where, as here, Plaintiff's remaining claims are prefaced on the quantum of force used by deputies in this matter (and authorized by the County) being deadly, which, as established by Defendants' Amended Motion, it is not.

### 4. DEFENDANTS' AMENDED MOTION PROPERLY ASSERTS NEW ARGUMENTS IN THE CONTEXT OF RECONSIDERATION.

The false assertion that Defendants' Amended Motion repeats arguments used in their motion for summary judgment utterly ignores that Defendants are asserting such arguments regarding *Monell* liability in the context of the Court's reconsideration of its MSJ Order by properly conducting the quantum of force assessment. Thus, these arguments are not repetitive, but new arguments demonstrating to the court the necessity of reconsideration and the result that would occur from such reassessment; namely, that prone restraint is <u>not</u> lethal force. Such reconsideration would necessarily also include reassessment of Plaintiff's cited cases in their Opposition to Defendants' Motion for Summary Judgment that Plaintiff purports establishes that prone restraint is lethal force (though it is not).

Additionally, Defendants' summary judgment motion did not only challenge Plaintiff's municipal claims on the grounds of failure-to-train, but also unconstitutional custom, policy, and ratification. [Dkt. 59 at § 5(A)-(C).]

Furthermore, as discussed above, Plaintiff's allegations of *Monell* liability are based on the quantum of force in this incident being assessed as deadly, which is exactly what Defendants are asking this Court to properly reconsider. Denial of summary judgment as to Plaintiff's *Monell* claim was improper and the Court should reconsider such denial accordingly.

## 5.  CONCLUSION.

For the foregoing reasons and those discussed in Defendants' Amended Motion, Defendants respectfully request that this Court grant Defendants' Amended Motion for Reconsideration in its entirety.

DATED: August 8, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ Abigail McLaughlin
 TONY M. SAIN
 TORI L. N. BAKKEN
 ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants, COUNTY OF RIVERSIDE and SHERIFF-CORONER CHAD BIANCO



# FEDERAL COURT PROOF OF SERVICE
Tracy Alves v. Riverside County, et al.
USDC Case No. 5:19-cv-02083-JGB-SHK // CM# 51446-04

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 8, 2022, I served the following document(s): DEFENDANTS' REPLY IN SUPPORT OF AMENDED MOTION FOR RECONSIDERATION

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 8, 2022, at Los Angeles, California.

/s/ Corinne Taylor
Corinne Taylor

4865-0468-2029.1

1

DEFENDANTS' REPLY IN SUPPORT OF AMENDED MOTION FOR RECONSIDERATION

# SERVICE LIST
## Tracy Alves v. Riverside County, et al.
### USDC Case No. 5:19-cv-02083-JGB-SHK // CM# 51446-04

| | |
|---|---|
| John Burton, Esq. (SBN 86029)<br>Matt Sahak, Esq. (SBN 310624)<br>LAW OFFICES OF JOHN BURTON<br>128 North Fair Oaks Ave.<br>Pasadena, California 91103<br>(626) 449-8300<br>(626) 449-8197 Fax<br>jb@JohnBurtonLaw.com<br>ms@johnburtonlaw.com<br><br>*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK. Deceased* | T. Kennedy Helm, IV (SBN 282319)<br>HELM LAW OFFICE, PC<br>644 40th Street, Suite 305<br>Oakland, California 94609<br>(510) 350-7517<br>(510) 350-7359 Fax<br>kennedy@helmlawoffice.com<br><br>*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, Deceased* |
| Dale K. Galipo, Esq. (SBN 144074)<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, California 91367<br>(818) 347-3333<br>(818) 347-4118 Fax<br>dalekgalipo@yahoo.com<br><br>*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK. Deceased* | |