UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 5:19-2083 (SHKx) | Date | August 18, 2022 |
| Title | *Tracey Alves v. County of Riverside, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:**   Order: (1) DENYING Defendants' Amended Motion for Reconsideration (Dkt. No. 148); and (2) VACATING the August 22, 2022 Heaering (IN CHAMBERS)

Before the Court is an amended motion for reconsideration filed by Defendants County of Riverside and Chad Bianco ("Defendants"). ("Amended Motion," Dkt. No. 148.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. Upon consideration of the papers filed in support of and in opposition to the Amended Motion, the Court DENIES the Amended Motion and VACATES the August 22, 2022 hearing.

##    I.   BACKGROUND

This is a Section 1983 case arising out of the death of Decedent Kevin R. Niedzialek brought by his successor in interest, Plaintiff Tracy Alves. On October 30, 2019, Plaintiff filed her complaint against Defendants County of Riverside, Chad Bianco, Deputy Sonia Gomez, and Deputy Brian Keeney, which she amended on July 17, 2020. ("Complaint," Dkt. No. 1; "FAC," Dkt. No. 34.) On May 17, 2021, Defendants filed a motion for summary judgment. (Dkt. No. 59.) On August 5, 2021, the Court granted summary judgment on Plaintiff's deliberate indifference to medical needs and Bane Act claims and denied the motion in all other respects. ("Order," Dkt. No. 109.)

On September 2, 2021, Defendants filed a notice of appeal. (Dkt. No. 128.) On September 8, 2021, Plaintiff filed an ex parte application for order to certify the appeal as frivolous or to drop or sever the individual defendants. (Dkt. No. 132.)v On September 16, 2021, the Court stayed proceedings pending the appeal. (Dkt. No. 134.) On December 3, 2021, the Court granted the ex parte application and dismissed Defendants Sonia Gomez and Brian Keeney without prejudice. ("Ex Parte Order," Dkt. No. 138; see Dkt. No. 152 (clarifying the Ex Parte Order.) The Ninth Circuit dismissed the appeal for lack of jurisdiction on May 26, 2022. (Dkt. No. 141.)

On July 18, 202, Defendants filed a motion for reconsideration.[1] (Motion.) Plaintiff opposed on August 1, 2022. (Dkt. No. 150.) Defendants replied on August 8, 2022. (Dkt. No. 151.)

## II. LEGAL STANDARD

Rule 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In this district, motions for reconsideration are also governed by Central District Local Rule 7–18. "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." Tawfilis v. Allergan, Inc., 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). Local Rule 7-18 provides that a motion for reconsideration of the decision on any motion may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for

---

[1] The Amended Motion is untimely. See L.R. 7-18. Defendants argue that it is not untimely as it relates back to the original motion for reconsideration timely filed on August 20, 2021. (Dkt. No. 121.) Defendants do not cite authority for the proposition that an Amended Motion can relate back to a withdrawn motion. (Dkt. No. 145.) Even so, the Court will consider the Amended Motion because it did not address the original motion for reconsideration while the appeal was pending.

> reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L. R. 7-18.

### III.  DISCUSSION

The Motion features recycled arguments that were considered and rejected at summary judgment.  (See Order.)  The Court will not address those arguments.  See L.R. 7-18.

Defendants maintain that the Court "made a clear legal error by failing to perform the required quantum force assessment prior to its analysis of the Graham reasonableness factors, causing the Court to fail to appropriately consider the material facts presented by Defendants in the appropriate context." (Amended Motion at 5.)

In its Order, the Court relayed that:

> Plaintiff claims that none of the force used before Decedent was handcuffed was excessive. She does not challenge Deputy Defendants' use of a taser on Decedent, nor does she challenge force used in order to handcuff Decedent.  However, Plaintiff claims that once Decedent was cuffed and therefore restrained, Decedent no longer posed a threat to the safety of Deputy Defendants, and therefore the lethal force used was unconstitutional.

Order at 11 (internal citations omitted).

Defendants' argument is meritless.  The only use of force at issue was that which occurred after Decedent, who was unarmed, was handcuffed.  Decedent was prone for nearly five minutes with his hands cuffed behind his back.  (Id. at 4.)  For at least 1 minute and 18 seconds of that period, Deputy Keeney's right knee was placed on Decedent's back but it was disputed whether Deputy Keeney was applying pressure.  (Id.)  Deputy Gomez continued to restrain Decedent by placing her right hand between Decedent's shoulder blades.  (Id.)  Decedent was 6'2" and 162 pounds.  When one of the deputies noticed Decedent stopped breathing, Deputy Gomez removed her hand from Decedent and both deputies rolled him on his back.  (Id.)

Defendants rely on Deorle v. Rutherford, 272 F.3d 1272, 1279 (9th Cir. 2001) in support of their argument that the Court erred in its quantum force analysis and emphasize that "because officers using that force technique (cloth-cased shot) as intended would not have reasonably expected that force to kill, even when death resulted from that force, the Ninth Circuit held that

such force must not be analyzed as deadly force." (Amended Motion at 7; citing Deorle, 272 F.3d at 1279-1280).  It appears that Defendants misunderstand, or misinterpret, the Court's finding.  The central issue in this case is whether holding an unarmed and handcuffed suspect prone for nearly five minutes—and applying (disputed) degrees of pressure by two law enforcement officers for at least twenty percent of that time—is excessive force.  Rivas-Villegas v. Cortesluna, 142 S. Ct. 4, 8-9 (2021) does not answer that question.  The law enforcement officer in that case placed his knee on Mr. Cortesluna's back for "no more than eight seconds and only on the side of his back near the knife that officers were in the process of retrieving." Id.

The nuance here is that the use of force used against Decedent was in line with County deputy training which instructs officers to restrain suspects in the prone position. (Amended Motion at 13.)  The constitutionality of the County's practice to restrain in the prone position—not merely for eight seconds for the limited purpose of weapon retrieval but for a seemingly indefinite period of time—is squarely implicated in this case.

## IV.  CONCLUSION

The Amended Motion is DENIED and the August 22, 2022 hearing is VACATED.

**IT IS SO ORDERED.**