**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
COUNTY OF RIVERSIDE (erroneously named as separate parties as COUNTY OF RIVERSIDE and RIVERSIDE SHERIFF'S DEPARTMENT) and SHERIFF-CORONER CHAD BIANCO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRACY ALVES, individually and as Successor in Interest for KEVIN R. NIEDZIALEK, deceased,<br><br>    Plaintiff,<br><br>    vs.<br><br>RIVERSIDE COUNTY, RIVERSIDE SHERIFF'S DEPARTMENT, SHERIFF-CORONER CHAD BIANCO, DEPUTY BRIAN KEENEY, and DOES 3-10,<br><br>    Defendants. | Case No. 5:19-CV-02083-JGB-SHK<br>*[Hon. Jesus G. Bernal, District Judge; Hon. Shashi H. Kewalramani, Magistrate Jude]*<br><br>**DEFENDANTS' TRIAL BRIEF REGARDING OBJECTIONS TO PLAINTIFF'S AMENDED [PROPOSED] VERDICT FORM [Dkt. 164]**<br><br>FPTC Date:   March 13, 2023<br>Trial Date:   March 28, 2023 |

**TO THE COURT AND PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Defendants COUNTY OF RIVERSIDE and SHERIFF-CORONER CHAD BIANCO respectfully present their Trial Brief Regarding Objections to Plaintiff's Amended [Proposed] Verdict Form [Dkt. 164] and state as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. INTRODUCTION & SUMMARY OF THE ARGUMENT.**

Defendants' Amended Proposed Verdict Form [Dkt. 161] should be adopted and Plaintiff's Amended Proposed Verdict Form [Dkt. 164] should be rejected for the following reasons:

First, Plaintiff's initial question regarding whether the deputies used excessive force during the incident improperly instructs jurors to then proceed to a question regarding whether the deputies or Defendant Sheriff-Coroner Chad Bianco ("Sheriff Bianco") were negligent even if the jurors state that the deputies did <u>not</u> use excessive force during the incident, which is in contradiction to established California law.

Second, Plaintiff's verdict form forces the jurors to perform a pre-force tactical negligence analysis that is irrelevant and not at issue in this matter because it is undisputed that all deputy conduct prior to the restraint of Kevin Niedzialek was reasonable. Where pre-force tactical conduct is reasonable and the deputies' use of force is reasonable, then the issue of negligence is never reached, thus, such analysis is inappropriate.

Third, Plaintiff's causation question regarding her *Monell* claim for failure to train improperly uses the California law "substantial factor" causation language when federal law claims are governed by a proximate cause standard and neglects to use the appropriate "deliberate indifference" standard.

Fourth, Plaintiff's verdict form sandwiches her questions regarding the Defendant County of Riverside's ("County") *Monell* liability within her questions about Sheriff Bianco's supervisory liability, which will likely confuse the jury into thinking that Sheriff Bianco may be held liable on Plaintiff's *Monell* claims, which is inaccurate.

Fifth and finally, Defendants' verdict form more accurately follows controlling law in wording, sequence, and instructions and should be adopted by this Court because it does not contain the fatal defects in Plaintiff's verdict form.



91655176.1

2

DEFENDANTS' TRIAL BRIEF REGARDING OBJS TO PLTF'S VERDICT FORM [Dkt. 164]

## 2. PLAINTIFF'S INITIAL FORCE QUESTION IMPROPERLY INSTRUCTS JURORS TO PROCEED TO ANSWER A NEGLIGENCE QUESTION EVEN IF THEY DETERMINE THE DEPUTIES USED REASONABLE FORCE.

Plaintiff's verdict form instructs jurors that, even if they answer "No" to "Did Deputy Brian Keeney and/or Sonia Gomez use excessive or unreasonable force or restraint against Kevin Niedzialek?", they should proceed to answering the question of whether any of the involved deputies and/or Sheriff Bianco were negligent. [Dkt. 164 at 3:2-9, 17-24.] However, if the jurors determine that the deputies did not use excessive force during the incident, then the question of negligence is never reached because the same standard and analysis used to determine objective reasonableness regarding use of force in federal civil rights claims applies to state law claims.

Specifically, regardless of whether the California law claim is for battery, assault, negligence, or wrongful death, to evaluate the reasonableness of the officer's conduct, courts must apply the *Graham* reasonableness standard. *Hayes v. Cty. of San Diego*, 57 Cal.4th 622, 632 (2013) (citing *Graham* in the pre-shooting negligence claim context, "as the nation's high court has observed, '[t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'"); *Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008) (holding that the same reasonableness standards for Fourth Amendment claims apply to battery); *accord Martinez v. County of Los Angeles*, 47 Cal.App.4th 334, 349-350 (1996) (applying *Graham* to police battery and/or wrongful death claims); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009) (same); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009) (same). Accordingly, if the jury finds that the deputies are not liable for excessive force, then the jury must find no liability under all state law claims, including, negligence. Plaintiff's instruction for the jurors to still consider the question of negligence even if they found the deputies' force to be reasonable is improper under applicable law.

### 3. Plaintiff's Verdict Form Forces a Pre-Force Tactical Negligence Separate Analysis, When Such is Not at Issue in this Matter.

Question 3 of Plaintiff's verdict form asks jurors to perform a *Hayes*-style pre-force tactical negligence analysis that is irrelevant to this matter. Under *Hayes*, the California Supreme Court held that, to proceed with a claim of negligence regarding deputies' use of force during an incident, plaintiff must prove that pre-use of force conduct caused an "otherwise reasonable use of force" to be "in fact unreasonable" under the totality of the circumstances, including the events leading up to the moment the force was used. *Hayes*, 57 Cal.4th at 623, 637-640. An officer's pre-force tactical negligence renders force unreasonable <u>only</u> if the officer's tactical conduct negligently provokes and/or causes the suspect to take action that prompts the officer's use of force. *Id.*

If pre-force tactical conduct is reasonable and the actual force is reasonable, the issue of whether the deputies were negligent is never reached. Here, it is undisputed that the deputies' actions prior to the restraint of Mr. Niedzialek were reasonable, so, if the jury determines that the deputies' use of force in this matter was reasonable, there is no need to reach the question of negligence. Accordingly, Plaintiff's Question 3 is irrelevant and not at issue in this matter and, thus, inappropriate to include on a verdict form in this matter.

### 4. PLAINTIFF'S *MONELL* CAUSATION QUESTION MISSTATES THE FEDERAL CAUSATION STANDARD, APPLYING CALIFORNIA-LAW SUBSTANTIAL FACTOR LANGUAGE WHEN FEDERAL CLAIMS ARE GOVERNED BY PROXIMATE CAUSE LANGUAGE.

In contrast to Plaintiff's other causation questions regarding her *Monell* claims in her proposed verdict form, Plaintiff asks jurors to evaluate causation on her *Monell* claim for failure to train as follows: "Did the County of Riverside's failure to adequately train its deputies play *a substantial part in bringing about* or actually causing Kevin Niedzialek's injury, damage, harm, or death?" [Dkt. 164 at 6:23-25 *cf. id.* at 6:10-11 ("Was the County of Riverside's policy, practice, or custom a moving force that *caused*

injury, damage, harm, or death to Kevin Niedzialek?") (emphasis added).] Plaintiff's Question 13 improperly uses California law substantial factor language when federal claims are governed by proximate cause language.

Under federal law, the question is not whether a defendant's failure to train played "substantial part" in causing harm but whether the failure actually led to harm. A plaintiff must establish a "direct causal link" between the failure to train and the alleged constitutional violation. *See Sandoval v. Cty. of San Diego*, 985 F.3d 657, 681 (9th Cir. 2021). This "requires showing but for and proximate causation." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012). Plaintiff's Question 13 language does not properly indicate this standard.

Additionally, Plaintiff's questions regarding her failure to train allegations improperly do not include the "deliberate indifference" finding necessary to determine liability on such a *Monell* claim. [Dkt. 163 at 6:16-17, 23-25.] "A municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the right of persons with whom the untrained employees come into contact." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (cleaned up); *see also Tsao*, 698 F.3d at 1145. By neglecting to include these necessary legal standards, Plaintiff's verdict form does not allow the jury to properly analyze Plaintiff's *Monell* claim for failure to train.

## 5. PLAINTIFF'S VERDICT FORM ILLOGICALLY MOVES FROM SUPERVISORY LIABILITY THEN BACK TO SUPERVISORY LIABILITY.

Questions 8 through 9 of Plaintiff's verdict form address Sheriff Bianco's supervisory liability, then Questions 10 through 13 addresses the County's *Monell* liability, and then Question 14 goes back to Sheriff Bianco's supervisory liability. [Dkt. 164 at 5:14-7:3.] Such back and forth will likely be confusing to jurors, who may then determine that Sheriff Bianco can be held liable for Plaintiff's *Monell* claims with the County, which is improper. *Allen v. Cty. of San Bernardino*, 2021 U.S. Dist. LEXIS 196594, at *36, fn. 16 (C.D. Cal. June 24, 2021) (discussing that a sheriff may not be

held liable under *Monell*, only supervisory liability, because *Monell* liability is limited to municipalities).

## 6. DEFENDANTS' VERDICT FORM MORE ACCURATELY FOLLOWS THE CONTROLLING LAW IN ITS WORDING, SEQUENCE AND INSTRUCTIONS THEREIN.

Defendants' verdict form resolves the fatal defects of Plaintiff's verdict form that are discussed above. Defendants' verdict form properly does not allow jurors to address additional issues in this matter if jurors find that the deputies' use of force was reasonable. [Dkt. 161 at 3:4-15.] Defendants' verdict form also properly asks causation questions regarding Plaintiff's federal law claims based on the appropriate federal proximate cause language. [*Id.* at 5:12-14, 6:13-15.] Likewise, Defendants' verdict form properly uses the necessary "deliberate indifference" language regarding Plaintiff's *Monell* claims. [*Id.* at 5:3-6:15.] Finally, Defendants' verdict form prevents jury confusion by establishing the *Monell* and supervisory liability questions as separate issues. [*Id.* at 5:1, 7:1.]

## 7. CONCLUSION.

For the above reasons, Court should adopt Defendants' Proposed Amended Verdict Form at trial in this matter. [Dkt. 161.]

DATED: March 10, 2023      LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    */s/ Tony M. Sain*
       TONY M. SAIN
       TORI L. N. BAKKEN
       ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants,
COUNTY OF RIVERSIDE (erroneously named as separate parties as COUNTY OF RIVERSIDE and RIVERSIDE SHERIFF'S DEPARTMENT) and SHERIFF-CORONER CHAD BIANCO



# FEDERAL COURT PROOF OF SERVICE
Tracy Alves v. County of Riverside, et al.
Case No. 5:19-CV-02083-JGB-SHK; C/M# 51446-04

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 10, 2023, I served the following document(s): **DEFENDANTS' TRIAL BRIEF REGARDING OBJECTIONS TO PLAINTIFF'S AMENDED [PROPOSED] VERDICT FORM [Dkt. 164]**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 10, 2023, at Los Angeles, California.

                /s/ Abigail J.R. McLaughlin
                Abigail J.R. McLaughlin

# SERVICE LIST
## Tracy Alves v. Riverside County, et al.
### USDC Case No. 5:19-cv-02083-JGB-SHK // CM# 51446-04

| | |
|---|---|
| John Burton, Esq. (SBN 86029)<br>Matt Sahak, Esq. (SBN 310624)<br>LAW OFFICES OF JOHN BURTON<br>128 North Fair Oaks Ave.<br>Pasadena, California 91103<br>(626) 449-8300<br>(626) 449-8197 Fax<br>jb@JohnBurtonLaw.com<br>ms@johnburtonlaw.com<br><br>*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, Deceased* | T. Kennedy Helm, IV (SBN 282319)<br>HELM LAW OFFICE, PC<br>644 40th Street, Suite 305<br>Oakland, California 94609<br>(510) 350-7517<br>(510) 350-7359 Fax<br>kennedy@helmlawoffice.com<br><br>*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, Deceased* |
| Dale K. Galipo, Esq. (SBN 144074)<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, California 91367<br>(818) 347-3333<br>(818) 347-4118 Fax<br>dalekgalipo@yahoo.com<br><br>*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, Deceased* | |

