**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
COUNTY OF RIVERSIDE (erroneously named as separate parties as COUNTY OF RIVERSIDE and RIVERSIDE SHERIFF'S DEPARTMENT) and SHERIFF-CORONER CHAD BIANCO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRACY ALVES, individually and as Successor in Interest for KEVIN R. NIEDZIALEK, deceased,<br><br>  Plaintiff,<br><br>  vs.<br><br>RIVERSIDE COUNTY, RIVERSIDE SHERIFF'S DEPARTMENT, SHERIFF-CORONER CHAD BIANCO, DEPUTY BRIAN KEENEY, and DOES 3-10,<br><br>  Defendants. | Case No. 5:19-CV-02083-JGB-SHK<br>*[Hon. Jesus G. Bernal, District Judge; Hon. Shashi H. Kewalramani, Magistrate Jude]*<br><br>**DEFENDANTS' TRIAL BRIEF REGARDING OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND IN SUPPORT OF DEFENDANTS' PROPOSED JURY INSTRUCTIONS [Dkt. 166]; AMENDED CONTENTIONS**<br><br>Trial Date:   March 28. 2023 |

**TO THE COURT AND PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Defendants COUNTY OF RIVERSIDE and SHERIFF-CORONER CHAD BIANCO respectfully present their Trial Brief Regarding Objections to Plaintiff's Proposed Jury Instructions and in Support of Defendants' Proposed Jury Instructions [Dkt. 166] and state as follows:

# **TABLE OF CONTENTS**

| | Page |
|---|---|
| 1. INTRODUCTION & SUMMARY OF THE ARGUMENT. | 1 |
| 2. PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32 REGARDING *MONELL* RATIFICATION IS IMPROPER AND DUPLICATIVE. | 1 |
| 3. PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37 IS IMPROPER BECAUSE IT WRONGFULLY STATES THE NEGLIGENCE STANDARD AS TO THE DEPUTIES. | 3 |
| 4. PLAINTIFF'S PROPOSED JURY INSTRUCTION NOS. 50 AND 51 REGARDING STATE LAW CAUSATION ARE IMPROPER AND DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3 APPROPRIATELY COMMUNICATES THE FEDERAL LAW CAUSATION STANDARD. | 6 |
| 5. CONCLUSION. | 8 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION & SUMMARY OF THE ARGUMENT.

Defendants present this trial brief to further demonstrate to the Court why it should reject Plaintiff's proposed jury instructions and adopt Defendants' proposed jury instructions.

First, Plaintiff's proposed jury instruction regarding her *Monell* ratification claim is improper because it states that Defendant Sheriff-Coroner Bianco had final policymaking authority in this matter, when that is a disputed element that Plaintiff must prove. The jury instruction is also duplicative in light of the parties' undisputed jury instructions already covering Plaintiff's *Monell* liability claims.

Second, Plaintiff's proposed jury instruction regarding the basic standard of care for a negligence claim is improper because it conflates the standards for negligent use of nondeadly force and a negligence claim based on failure to provide medical care with general negligence. Because of such conflation, Plaintiff's proposed jury instruction fails to express the appropriate negligence standard on both bases for Plaintiff's negligence claim in this matter and, thus, is fatally flawed.

Third and finally, Plaintiff's proposed jury instructions regarding state law causation inappropriately fail to specify that such "substantial factor" causation standard is as to Plaintiff's negligence claim only. This lack of specification further highlights the need for Defendant's proposed jury instruction specifically addressing the federal proximate cause standard, which has also been approved by the Ninth Circuit as appropriately expressing federal law precedent.

## 2. PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32 REGARDING *MONELL* RATIFICATION IS IMPROPER AND DUPLICATIVE.

Plaintiff contends that this jury instruction is appropriate solely based on the contention that "ample factual support" exists for this instruction. Defendants contend that there is no factual foundation for the application of this instruction

because Plaintiff does not have evidence that Defendant Sheriff-Coroner Chad Bianco had final policymaking authority in this matter and knew of and made a deliberate choice to approve deputies' acts and failures to act during the incident in dispute, which are required elements for this jury instruction. Particularly, Plaintiff attempts to assert that the Court should instruct the jury that Defendant Sheriff-Coroner Chad Bianco had "final policymaking authority" from Defendant County of Riverside and therefore, "the fourth element [of this jury instruction] requires no proof." [Dkt. 166 at 14:23-27.] Such instruction is extremely improper when the "final policymaking authority" element is something that Plaintiff must establish and Defendants have not and will not stipulate that Defendant Sheriff-Coroner Chad Bianco had final policymaking authority regarding this matter. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (stating that, in bringing a *Monell* claim, a plaintiff must "establish that the individual who committed the constitutional tort was an official with final policy-making authority") (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-1347 (9th Cir. 1992); 9th Cir. Manuel of Model Civ. Jury Instructions § 9.7 (noting that the fourth element is a required element to find *Monell* liability based on ratification); *see* Dkt. 165 at 2:14-1 (noting that the parties stipulated that Defendant Sheriff-Coroner Chad Bianco was the primary policymaker, not that he had final policymaking authority).

Additionally, this instruction is duplicative and redundant when the parties have already agreed upon Jury Instruction Nos. 30, 31, and 33 regarding Plaintiff's *Monell* liability claims against Defendants County of Riverside and Defendant Sheriff-Coroner Chad Bianco. There is no need to include another *Monell* instruction when these three other instructions adequately communicate to the jury Plaintiff's *Monell* claims based on an alleged unconstitutional policy, a failure to train, and supervisory liability. This Court should reject Plaintiffs' Proposed Jury Instruction No. 32 accordingly.

## 3. PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37 IS IMPROPER BECAUSE IT WRONGFULLY STATES THE NEGLIGENCE STANDARD AS TO THE DEPUTIES.

Plaintiff indicates in her support of this instruction that she does not have an issue with a CACI 440 instruction, only that she objects to the exclusion of factor (d) regarding the deputies' tactical conduct and decisions before the use of force. She also contends that the language should be unreasonable "force or restraint." Defendants have no issue with the inclusion of "force or restraint" in a CACI 440 instruction and, in fact, used it in their proposed alteration to the subject instruction. [Dkt. 166 at 19:22-21:5.] However, there is no reason to include factor (d) in this instruction in regards to this matter because Plaintiff does not dispute that all actions of deputies, including tactical conduct and decisions, prior to the handcuffing and use of prone restraint on Mr. Niedzialek was reasonable. [Dkt. 109 at p. 11 ("Plaintiff claims that none of the force used before Decedent was handcuffed was excessive. She does not challenge Deputy Defendant's use of a taser on Decedent, nor does she challenge force used in order to handcuff Decedent.") (citation omitted).]

As explained at length in Defendants' briefing on the *Hayes* case, *Hayes* stands for the proposition that the scope of actionable conduct in California-law claims arising from a police use of force/seizure can include pre-force tactical decisions that precipitated/provoked the subject conduct upon which the officers relied to justify their use of force/seizure. However, where, as here, it is undisputed that the relevant pre-force conduct (conduct before the post-cuffing prone restraint) was reasonable/lawful, then the only conduct at issue is the reasonableness of the force itself (and post-force medical care). As a result, regarding option (d), which was created to permit pre-force tactics to be evaluated as part of the totality of the circumstances of the reasonableness of the force itself, such option is inapplicable and irrelevant here. Furthermore, the reasonableness of the deputies' mid-force tactics is

addressed in other instructions. As such, since the reasonableness of pre-force conduct here is not in dispute, the *Hayes*-inspired option (d) is inappropriate.

Furthermore, as to Plaintiff's assertion that her proposed Jury Instruction No. 37 is the appropriate standard as to her negligence claim based on the deputies' alleged failure to provide Mr. Niedzialek medical care, in *P.C. v. City of L.A.*, 2012 U.S. Dist. LEXIS 187553 (C.D. Cal. Sept. 14, 2012), that court considered defendants' motion for judgment on a matter of law regarding the issue of whether there was adequate evidence "to support the jury's verdict regarding the officers' negligence in the denial or delay of medical care" and found that "a reasonable jury could have found that the injuries sustained by Cornejo during arrest were sufficient that a reasonably careful officer would have provided medical care prior to Cornejo's initial entry into the police station[.]" *P.C.*, 2012 U.S. Dist. LEXIS at *31 (emphasis in original). As stated in Defendant's first objection, the *P.C.* Court only approved the "reasonably careful [police officer]" language in the context of a negligence claim based on failure to provide medical care, which means Plaintiff's use of it in a general negligence instruction is improper. [Dkt. 166 at 18:22-19:8.]

Moreover, Plaintiff's proposed instruction wrongfully causes the jury to equate a reasonable person standard with a reasonable officer standard, making it seem as if the standard is a reasonable layperson, which it is clearly not, as discussed above and in Defendant's objection to Plaintiff's proposed Jury Instruction No. 37. [Dkt. 166:17-14.] Including both in the same instruction, modifying the CACI model, instead of using the appropriate CACI model that governs officer negligence, is misleading and confusing.

These fatal flaws in Plaintiffs' proposed Jury Instruction No. 37 can be resolved if it is modified to state the following, based on CACI 401 and 440:

> Negligence is the failure to use reasonable care to prevent harm to oneself or to others.
>
> A person or officer can be negligent by acting or failing to act. A person or officer is negligent if that person does something that a reasonably

careful person or officer would not do in the same situation or fails to do something that a reasonably careful person or officer would do in the same situation.

You must decide how a reasonably careful person would have acted in Kevin Niedizalek's situation.

A law enforcement officer may use reasonable force or restraint to arrest, detain, prevent escape of, or overcome resistance by a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force or restraint necessary to arrest, detain, prevent escape of, or overcome resistance by the person. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force or restraint.

Plaintiff claims that Deputies Brian Keeney and/or Sonia Gomez was negligent in using unreasonable force or restraint to arrest, detain, prevent escape of, or overcome resistance by Kevin Niedzialek. To establish this claim, plaintiff Tracy Alves must prove all of the following:

1. That Deputies Brian Keeney and/or Sonia Gomez used force or restraint to arrest, detain, prevent escape of, or overcome resistance by Kevin Niedzialek;

2. That the amount of force or restraint used by Deputies Brian Keeney and/or Sonia Gomez was unreasonable;

3. That Kevin Niedzialek was harmed; and

4. That the use of unreasonable force or restraint by Deputies Brian Keeney and/or Sonia Gomez was a substantial factor in causing [name of plaintiff]'s harm.

In deciding whether Deputies Brian Keeney and/or Sonia Gomez used unreasonable force or restraint, you must consider the totality of the circumstances to determine what amount of force or restraint a reasonable law-enforcement officer in Deputies Brian Keeney's and/or Sonia Gomez's position would have used under the same or similar circumstances.

"Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Deputies Brian Keeney and/or Sonia Gomez and Kevin Niedzialek leading up to the use of force or restraint. Among the factors to be considered are the following:

(a) Whether Kevin Niedzialek reasonably appeared to pose an immediate threat to the safety of [name of defendant] or others;

(b) The seriousness of the crime at issue; and

(c) Whether Kevin Niedzialek was actively resisting arrest/detention or attempting to avoid arrest/detention by flight; and

(d) Deputies Brian Keeney's and/or Sonia Gomez's tactical conduct and decisions before using force or restraint on Kevin Niedzialek.

An officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. An officer does not lose the right to self-defense by using objectively reasonable force to arrest, detain, prevent escape of, or overcome resistance by the person.

Plaintiff also claims that Deputies Brian Keeney and/or Sonia Gomez was negligent in failing to provide or summon adequate medical care to Kevin Niedzialek. You must decide whether Deputies Brian Keeney and/or Sonia Gomez failed to provide or summon adequate medical care in a way that a reasonably careful officer would have under the same totality of the circumstances.

4. **PLAINTIFF'S PROPOSED JURY INSTRUCTION NOS. 50 AND 51 REGARDING STATE LAW CAUSATION ARE IMPROPER AND DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3 APPROPRIATELY COMMUNICATES THE FEDERAL LAW CAUSATION STANDARD.**

Plaintiff's proposed Jury Instruction Nos. 50 and 51 are in regard to Plaintiff's state law negligence claim based on the deputies' alleged failure to provide or summon adequate medical care. Thus, not only should Plaintiff's proposed Jury Instructions Nos. 50 and 51 be modified as stated in Defendants' initial Objection, but also to clarify to the jury how it should be applied to Plaintiff's state law negligence claim. [*See* Dkt. 166 at 32:10-23.] Thus, Plaintiff's Proposed Jury Instruction No. 50 should be modified to state:

Plaintiff claims that Deputies Brian Keeney and/or Sonia Gomez were negligent in failing to provide or summon adequate medical care to Kevin Niedzialek. You must determine whether this negligence in failing to provide or summon adequate medical care was a substantial factor in causing Mr. Nedzialek's harm or death.

A substantial factor in causing harm and/or death is a factor that a reasonable person would consider to have contributed to the harm and/or death. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm and/or death.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without the conduct.

Likewise, Plaintiff's Proposed Jury Instruction No. 51 should be modified to state:

> Plaintiff claims that Deputies Brian Keeney and/or Sonia Gomez were negligent in failing to provide or summon adequate medical care to Kevin Niedzialek. An officer's negligence may combine with another factor to cause harm. If you find that defendant Deputy Brian Kenney and/or Sonia Gomez's conduct in regards to Kevin Niedzialek's medical care was a substantial factor in causing Kevin Niedialek's harm and/or death, then that deputy is responsible for the harm and/or death. The County employer of Deputies Brian Kenney and Sonia Gomez cannot avoid responsibility just because some other person, condition or event was also a substantial factor in causing Kevin Niedzialek's harm and/or death.

Because California law claims and the federal law claims have different causation standards (and both are at issue in this matter), it is necessary to provide the jury with a specific, applicable, accurate stand-alone causation instruction. [*See* Dkt. 166 at 2:2-3:4.]

In *Stoner v. Doe* [sic, Riverside County Sheriff's Dept. Cpl. Richard Fransik], 830 Fed. Appx. 547 (9th Cir. 2020), the 9th Circuit upheld that a jury instruction using similar language to Defendants' proposed Jury Instruction No. 3 was "explicit and consistent with precedent: both factual and proximate causation are required to find a constitutional violation." *Stoner*, 830 Fed. Appx. at 548 (quoting the jury instruction as stating "to establish that the acts of [the officer] *deprived the plaintiff of particular rights* . . . the plaintiff must prove . . . that the [officer's] acts were . . . the moving force that caused the ultimate injury.") (emphasis and modification in the original) (citing *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008); *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007)). Thus, Defendants' proposed Jury Instruction No. 3 is necessary and proper because it was approved by the Ninth Circuit and it clarifies to jurors that they may not find that the deputies liable for using unreasonable and/or excessive force or restraint unless such force or restraint was the proximate cause of Mr. Niedzialek's injuries. *See id.* ("[T]he jurors concluded through Question 2 of the jury verdict form that Deputy Fransik was not the 'moving force,' or proximate cause, of Stoner's injuries  The jurors thus necessarily did *not* find a constitutional violation.") (emphasis in original).

To put it simply, the Ninth Circuit approved this moving force causation instruction regarding police use of force claims based on federal law and agreed that such causation was an indispensable element in proof of a Section 1983 use of force claim. Defendants' proposed Jury Instruction No. 3 should be adopted by this Court and read to the jury in this matter accordingly.

**5. CONCLUSION.**

For the above reasons, Court should adopt Defendants' Proposed Jury Instructions at trial in this matter and reject Plaintiff's. [Dkt. 166.]

DATED: March 14, 2023         LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ Abigail J.R. McLaughlin*
TONY M. SAIN
TORI L. N. BAKKEN
ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants,
COUNTY OF RIVERSIDE (erroneously named as separate parties as COUNTY OF RIVERSIDE and RIVERSIDE SHERIFF'S DEPARTMENT) and SHERIFF-CORONER CHAD BIANCO

**FEDERAL COURT PROOF OF SERVICE**
Tracy Alves v. Riverside County, et al.
USDC Case No. 5:19-cv-02083-JGB-SHK // CM# 51446-04

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 14, 2023, I served the following document(s): DEFENDANTS' TRIAL BRIEF REGARDING OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND IN SUPPORT OF DEFENDANTS' PROPOSED JURY INSTRUCTIONS [DKT. 166]; AMENDED CONTENTIONS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 14, 2023, at Los Angeles, California.

/s/ Corinne Taylor
Corinne Taylor

91761456.1

1

DEFENDANTS' TRIAL BRIEF REGARDING DISPUTED JURY INSTRUCTIONS [Dkt. 166]

**SERVICE LIST**
**Tracy Alves v. Riverside County, et al.**
**USDC Case No. 5:19-cv-02083-JGB-SHK // CM# 51446-04**

John Burton, Esq. (SBN 86029)
Matt Sahak, Esq. (SBN 310624)
LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Ave.
Pasadena, California 91103
(626) 449-8300
(626) 449-8197 Fax
jb@JohnBurtonLaw.com
ms@johnburtonlaw.com

*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK. Deceased*

Dale K. Galipo, Esq. (SBN 144074)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
(818) 347-3333
(818) 347-4118 Fax
dalekgalipo@yahoo.com

*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK. Deceased*

T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
(510) 350-7517
(510) 350-7359 Fax
kennedy@helmlawoffice.com

*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, Deceased*