**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**THE LAW OFFICES OF JOHN BURTON**
John Burton (SBN 86029)
jb@johnburtonlaw.com
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300; Fax: (626) 449-8197

**HELM LAW OFFICE, PC**
T. Kennedy Helm, IV, State Bar No. 282319
kennedy@helmlawoffice.com
644 40th Street, Suite 305
Oakland, California 94609
Tel: (510) 350-7517; Fax: (510) 350-7359

Attorneys for Plaintiff Tracy Alves, Individually and as Successor In Interest for Kevin R. Niedzialek, Deceased

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>RIVERSIDE COUNTY, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, SHERIFF-CORONER CHAD BIANCO, DEPUTY SONIA GOMEZ, DEPUTY BRIAN KEENEY, and DOES 3–10,<br><br>Defendants. | Case No. 5:19-cv-02083-JGB (SHKx)<br><br>*Honorable Jesus G. Bernal*<br>*Mag. Judge Shashi H. Kewalramani*<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR A WRIT OF MANDATE TO COMPEL DEFENDANT RIVERSIDE COUNTY TO PAY JUDGMENT (FED. R. CIV. P. 69); MEMORANDUM OF LAW IN SUPPORT; (PROPOSED) ORDER; DECLARATION OF T. KENNEDY HELM, IV IN SUPPORT** |

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

On July 11, 2025, the Ninth Circuit's mandate was filed in this Court, ECF No. 240, transferring jurisdiction to enforcing the judgment entered April 12, 2023, against Defendant County of Riverside. ECF No. 202. Plaintiff applies *ex parte* for a writ of mandate to compel Defendant County to pay $1,678,179.93 to satisfy that judgment on or before August 29, 2025, or by such other date as the Court deems appropriate. (Interest accrues at $187.98 per day).

A writ is necessary. On May 2, 2025, after the unanimous Ninth Circuit decision, which turned on an issue of California law, affirming the judgment, Plaintiff sent defense counsel a request for payment, with costs and interest calculations. There was no response other than a petition for rehearing, which the Ninth Circuit denied summarily on July 1, 2025. After the mandate issued with no stay request, on July 9, 2025, Plaintiff again requested payment, updating the interest calculation. To this date Defendant County has not responded. Accordingly, Plaintiff seeks a writ of mandate under Fed. R. Civ. P. 69 and Cal. Gov't Code § 970 to compel Defendant County to pay the final judgment by August 29, 2025, with interest accrued, a total of $1,678,179.93.

The grounds for this application are set forth in the attached memorandum of law and Declaration of T. Kennedy Helm, IV, with exhibits. The application is based on this notice, the aforementioned memorandum and declaration, all pleadings and papers on file herein, and on such other and further evidence and argument as the Court deems convenient or appropriate.

On August 5, 2025, Plaintiff's counsel emailed this *ex parte* application to Defendant's counsel, and later that day Defendant emailed stating it will oppose this application.

Respectfully submitted,

DATED: August 5, 2025

**THE LAW OFFICES OF JOHN BURTON**
**HELM LAW OFFICE, PC**
**LAW OFFICES OF DALE K. GALIPO**


By: _____/s/ T. Kennedy Helm, IV_____
      T. Kennedy Helm, IV
      Attorneys for Plaintiff Tracy Alves

## I. Introduction

Two years, four months ago, on April 12, 2023, this Court entered judgment after the jury's verdict for "$1.5 million ($1,500,000.00), plus costs pursuant to Federal Rule of Civil Procedure 54(d)(1), interest calculated from the date of entry of judgment at the rate specified by 28 U.S.C. § 1961." ECF No. 202. (That rate is 4.53%). Defendant County moved for judgment as a matter of law, which this Court denied on May 19, 2023. *Alves v. Riverside Cnty.*, No. EDCV 19-2083 JGB (SHKX), 2023 WL 4104185, at *1 (C.D. Cal. May 19, 2023). The Ninth Circuit affirmed. *Alves v. Cnty. of Riverside*, 135 F.4th 1161 (9th Cir. 2025). On July 11, the Ninth Circuit's mandate issued, transferring jurisdiction back to this Court. ECF No. 240. Defendant County has not responded to Plaintiff's request to pay the judgment. Plaintiff now moves *ex parte* for a writ of mandate pursuant to Fed. R. Civ. P. 69 and Cal. Gov't Code § 970, to compel payment of $1,678,179.93 by August 29, or on such a date as the Court deems appropriate.

## II. Legal standards

A district court regains jurisdiction over an action upon the issuance of the Ninth Circuit's mandate. *Sgaraglino v. State Farm Fire & Cas. Co.,* 896 F.2d 420, 421 (9th Cir. 1990). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In California, a writ of mandate is the appropriate remedy to compel a local public entity to satisfy a money judgment. Cal. Gov't Code §§ 942, 965.7(a), 965.8, 970.2; *see, e.g., Tevis v. City & Cnty. of San Francisco*, 43 Cal. 2d 190, 200 (1954).

## III. A Writ Is Required to Secure Payment

On May 2, after the Ninth Circuit affirmed, Plaintiff requested payment of the judgment, costs, and interest by May 12, which would have been $1,657,502.13. Helm Decl., Ex. 1. Three days later, Defendant County replied that it would respond by early

the following week, but added that Plaintiff "will likely not be receiving the check on or about May 12." Helm Decl., ¶ 5. Defendant County did not respond to Plaintiff during the following week. Helm Decl., ¶ 6.

On May 13, Defendant County filed a petition for panel rehearing and rehearing en banc. ECF No. 55. Without requesting a response, on July 1 the panel denied the petition and no judge of the full court requested a vote. ECF No. 56. After the mandate issued, Plaintiff's counsel requested payment by the end of July. Helm Decl. Ex. 2; ¶ 7. On July 15, Plaintiff's counsel called defense counsel about payment, and was told there would be a response by July 25. Helm Decl., ¶ 9. On July 23, Plaintiff's counsel called Defendant's counsel about this matter and left a voicemail. Helm Decl., ¶ 10. Defendant's counsel did not reply by July 25. Helm Decl., ¶ 11. On August 1, 2025, Plaintiff's counsel left a voicemail with Defendant's counsel, but to date Defendant's counsel has not responded but by email stating that Defendant County will oppose this application. Helm Decl., ¶ 12.

## IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her ex parte application for a writ of mandate compelling payment of the final judgment by August 29, 2025, with all interest accrued as of that date, or $1,678,179.93.

Respectfully submitted,

DATED: August 5, 2025     **LAW OFFICES OF DALE K. GALIPO**
                                                       **THE LAW OFFICES OF JOHN BURTON**
                                                       **HELM LAW OFFICE, PC**

By */s/ T. Kennedy Helm, IV*
    T. Kennedy Helm, IV
    Attorneys for Plaintiff Tracy Alves