**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
COUNTY OF RIVERSIDE and
SHERIFF-CORONER CHAD BIANCO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRACY ALVES, individually and as Successor in Interest for KEVIN R. NIEDZIALEK, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>RIVERSIDE COUNTY, RIVERSIDE SHERIFF'S DEPARTMENT, and SHERIFF-CORONER CHAD BIANCO,<br><br>Defendants. | Case No. 5:19-CV-02083-JGB-SHK<br>*[Hon. Jesus G. Bernal, District Judge; Hon. Shashi H. Kewalramani, Magistrate Jude]*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR A WRIT OF MANDATE TO COMPEL DEFENDANT RIVERSIDE COUNTY TO PAY JUDGMENT (FED. R. CIV. P. 69)**<br><br>[*Filed Concurrently with Declaration of Abigail J.R. McLaughlin*] |

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

Defendants COUNTY OF RIVERSIDE and SHERIFF-CORONER CHAD BIANCO (collectively "Defendants") hereby present their Opposition to Plaintiffs' *Ex Parte* Application for a Writ of Mandate to Compel Defendant Riverside County to Pay Judgment [Dkt. 241] and state as follows:

161153765.1
DEFTS.' OPP. TO PLTFS.' EX PARTE APP. FOR A WRIT TO COMPEL PAYMENT OF JUDGMENT

# TABLE OF CONTENTS

Page

1. INTRODUCTION & SUMMARY OF ARGUMENT. ................................... 1
2. RELEVANT FACTUAL AND PROCEDURAL HISTORY. ........................ 1
   A. Procedural History. ................................................................................ 1
   B. Facts: Deadline For Further Appeal. ...................................................... 1
   C. Facts: Plaintiffs' Premature Collection Efforts. ..................................... 2
   D. Facts: Plaintiffs' Ex Parte Meet-and-Confer. ........................................ 2
3. PLAINTIFF'S *EX PARTE* APPLICATION IS NOT BASED ON ANY URGENCY AND THUS LACKS GOOD CAUSE. .......................................... 3
   A. Plaintiffs Fail To Show Good Cause For Ex Parte Relief. .................... 3
   B. Plaintiffs Have Not Shown They Bear No Fault In Creating The Emergency .............................................................................................. 4
4. PLAINTIFFS' REQUEST FOR A WRIT TO COMPEL PAYMENT OF JUDGMENT IS PREMATURE ......................................................................... 5
5. CONCLUSION. ................................................................................................. 6

## 1. INTRODUCTION & SUMMARY OF ARGUMENT.

Plaintiff's *Ex Parte* Application for a Writ of Mandate to Compel Defendant Riverside County to Pay Judgment should be denied for two reasons:

First, there is <u>no urgency</u> underlying Plaintiff's *ex parte* application where Plaintiff could request the same relief through noticed motion and Plaintiff has failed to provide any evidence of irreparable harm if this relief is not granted through *ex parte* means.

Second, Plaintiffs' request for relief is <u>premature</u> where Defendants are only required to make payment of judgment within the same fiscal year in which the judgment becomes final (here, judgment became final on July 11, 2025 when the Ninth Circuit issued its formal mandate) and Defendants may still pursue their appellate rights through Petition for Writ of Certiorari to the Supreme Court: which is not yet due.

Thus, because Plaintiffs' *ex parte* application lacks any basis for the requested relief, it should be denied in its entirety.

## 2. RELEVANT FACTUAL AND PROCEDURAL HISTORY.

### A. Procedural History.

On April 12, 2024, this Court entered judgment in this matter. [Dkt. 202.] On June 29, 2023, Defendants filed their Notice of Appeal of such judgment and jurisdiction of this matter was transferred to the Ninth Circuit. [Dkt. 214.] On April 29, 2025, the Ninth Circuit affirmed the judgment in this matter. [Dkt. 239.] On May 13, 2025, Defendants timely filed their Petition for En Banc Rehearing. [App. Dkt. 55.] On July 1, 2025, the Ninth Circuit denied the Petition for En Banc Rehearing. [App. Dkt. 56.] On July 11, 2025, the Ninth Circuit issued its formal mandate and stated that the judgment of the Ninth Circuit took effect on such date. [Dkt. 240.]

### B. Facts: Deadline For Further Appeal.

Pursuant to United States Supreme Court Rule 13, the time to file a petition for a writ of certiorari is 90 days and runs from the date of entry of the judgment or order

sought to be reviewed.  U.S. Sup. Ct. Rule 13(1), (3).  Thus, Defendant have until September 29, 2025 to file a petition for a writ of certiorari, if they choose to do so.

### C. Facts: Plaintiffs' Premature Collection Efforts.

Despite the fact that Defendants have not exhausted their appellate rights in this matter, Plaintiffs have been sending correspondence regarding payment of judgment since on or about May 2, 2025.  In response to Plaintiffs' first May 2, 2025 request, on May 5, 2025, Defendants informed Plaintiffs that they would likely not be receiving a check on or before May 12, 2025, and then subsequently filed the Petition for En Banc Rehearing on May 13, 2025. [McLaughin Decl., ¶2, Exh. A.] Thereafter, on July 15, 2025, defense counsel spoke with Plaintiffs' counsel about the fact that Defendants had not yet made a decision in regards to timing of payment and stated that defense counsel expected a decision to be made on or about July 25, 2025. [McLaughlin Decl., ¶3.]  Accordingly, when Plaintiffs' counsel called again on July 23, 2025, a decision had <u>not</u> yet been made, so defense counsel could not provide a meaningful update.  [*Id.*]  On August 1, 2025, when Plaintiffs' counsel called again on this matter, defense counsel was about to be in transit on an airplane and was planning to call Plaintiffs' counsel to inform them a decision had not yet been made when next available.  [*Id.*, ¶4.]

### D. Facts: Plaintiffs' Ex Parte Meet-and-Confer.

However, Plaintiffs' counsel emailed defense counsel about the subject *ex parte* application before defense counsel was able to communicate the same. [*Id.*, ¶5, Exh. B.]

On August 5, 2025, when Plaintiffs' counsel emailed defense counsel regarding this *ex parte* application, defense counsel responded that (1) lead defense counsel was currently out on vacation and a delay in filing this *ex parte* application until he returned on or about August 11, 2025 would be appreciated; and (2) that Defendants were currently determining next steps as to the judgment in this matter and defense counsel would update Plaintiffs' counsel on any decision, likely before August 31,

2025. [*Id.*] Defendants did not receive a response, rather, Plaintiffs filed this *ex parte* application at 4:22 p.m. [Dkt. 241.]

## 3. PLAINTIFF'S *EX PARTE* APPLICATION IS NOT BASED ON ANY URGENCY AND THUS LACKS GOOD CAUSE.

In order for a motion to be granted on an *ex parte* basis, a movant must show: (1) that the movant will be irreparably prejudiced if the underlying relief cannot be obtained before a regularly-noticed motion can be heard, and thus that there is good cause for relief on an expedited basis; (2) that the movant bears no fault in creating the exigency necessitating such *ex parte* relief; and (3) that the non-movant will not be unfairly prejudiced by the grant of such emergency relief. *See, e.g.*, *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 480 (C.D. Cal. 1995).

### A. Plaintiffs Fail To Show Good Cause For Ex Parte Relief.

Here, Plaintiff provides no real basis for *ex parte* relief. In fact, Plaintiff provides no explanation as to how she will be irreparably prejudiced if the Court does not grant her request for *ex parte* relief because there is no irreparable prejudice where Defendants have never stated that they would not pay the judgment in this matter (and any accrued) interest. Rather, Defendants explicitly informed Plaintiff that they were considering their appellate rights in this matter – namely, a Writ of Certiorari to the Supreme Court – and would provide Plaintiff with an update on or about August 29, 2025. [McLaughlin Decl., ¶5, Exh. A.] Moreover, Plaintiff could have brought a proper, noticed-motion in this matter, but such would have been properly set for the earliest hearing date of September 8, 2025[1] and would have likely been mooted by Defendants' communicated decision as to their appellate rights and timing of payment of judgment (if the Writ of Certiorari is unsuccessful) prior to that date. *See In re*

---

[1] Plaintiffs filed this *Ex Parte* Application as a "Motion to Reopen Case," yet such *Ex Parte* Application is not a noticed motion and does not request this Court reopen the case, only that the Court issue a writ of mandate for payment of judgment by August 29, 2025. [*See* Dkt. 241.]

*Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989) (stating that Federal Rules of Civil Procedure and C.D. Cal. Local Rules "contemplate that *noticed* motions should be the rule and not the exception").

### B. Plaintiffs Have Not Shown They Bear No Fault In Creating The Emergency.

In fact, Defendants respectfully requested that Plaintiff wait to bring this *ex parte* application because lead defense counsel is currently out of the office on a pre-paid vacation until August 11, 2025 and because Defendants were still having internal discussions regarding their appellate rights and timing of payment of judgment in light of the potential exercise of those rights. [Exh. A.] Instead, Plaintiffs filed the subject *ex* parte application at 4:22 p.m. that same day, even though there was no need for such urgency where Plaintiffs were explicitly informed as to why Defendants had not yet paid the judgment and given a timeline for such decision. [*See* Dkt. 241; Exh. A; *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 480 (C.D. Cal. 1995) ("The fact that opposing parties are usually given an opportunity to argue or file opposing papers does not mask the plain truth: these hybrid ex parte motions are inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system. Though the adversary does have a chance to be heard, the parties' opportunities to prepare are grossly unbalanced.").]

Therefore, Plaintiff's *ex parte* application should be denied on the basis that no real urgency exists at this time for the requested relief: indeed, the "emergency" seems to be created solely by the impatience of Plaintiffs or their counsel in allowing the procedural process to play out. Instead, the parties should discuss next steps per the dates provided by defense counsel and then, if these issues are not resolved, Plaintiff can seek proper relief through noticed motion. Such delay for substantive meet and confer efforts and for Defendants to internally discuss their appellate rights will not cause Plaintiff irreparable harm.

## 4. PLAINTIFFS' REQUEST FOR A WRIT TO COMPEL PAYMENT OF JUDGMENT IS PREMATURE.

Additionally, because the underlying relief Plaintiffs request is not yet due, non-movant Defendants would be unfairly prejudiced by the grant of the relief sought by Plaintiffs. To elaborate, under California Government Code § 970.4, a local public entity must pay any judgment in this fiscal year in which it becomes final. While the trial court issued judgment on April 12, 2024, such judgment did not become final until on or about July 11, 2025, which is when the Ninth Circuit issued its mandate. [*See* Dkt. 240.] Accordingly, even if the Defendants chose not to further appeal, Defendants are still well within their timeframe regarding payment of judgment in this matter, even if they had exhausted their appellate rights as this point in time. *See Wright v. Tehachapi Unified School District*, 2020 WL 12897982, at *4 (E.D. Cal. Mar. 18, 2020) ("The Court's judgment on the award of fees and costs became final on December 12, 2018 when the Court of Appeals issued the mandate."); *see also* Cal. Gov. Code § 970.5 ("[I]f a local public entity does not pay a judgment, with interest thereon, during the fiscal year in which it becomes final, the governing body shall pay the judgment, with interest thereon, during the ensuing fiscal year immediately upon the obtaining of sufficient funds for that purpose.")

Therefore, Plaintiffs' request for this Court to issue a writ of mandate to pay the judgment on or before August 29, 2025 in this matter is premature and should be denied on that basis as well, even if Defendants did not have a further appeal.

Moreover, as mentioned above, Defendants are still within their appellate rights to file a Petition for Writ of Certiorari on or before September 29, 2025. *See* U.S. Sup. Ct. Rule 13(1), (3). If such Petition is filed, granted, and the Supreme Court rules in Defendants' favor, then the judgment in this matter would be entirely reversed and result in a full defense verdict. [*See* Dkt. 202.] Accordingly, any payment of judgment made to Plaintiff would then have to be returned to Defendants. It is illogical and improper to force Defendants to pay a judgment prematurely especially

1  when that judgment could be reversed pursuant to Defendants' further appeal to the
2  Supreme Court.
3      Accordingly, since Defendants would be unfairly prejudiced by the relief
4  sought by Plaintiffs, by being forced to pay a judgment before such payment is due,
5  and before Defendants have exhausted (or waived) their Due Process rights to further
6  appellate review, the honorable Court must also deny Plaintiffs' *ex parte* on this basis.
7  **5.  CONCLUSION.**
8      For the foregoing reasons, Defendants request that Plaintiffs' *Ex Parte*
9  Application for a Writ of Mandate to Compel Defendant Riverside County to Pay
10 Judgment be denied in its *entirety*.

12 DATED: August 6, 2025        LEWIS BRISBOIS BISGAARD & SMITH LLP

15                By:     */s/ Abigail J.R. McLaughlin*
16                      TONY M. SAIN
                        TORI L. N. BAKKEN
17                      ABIGAIL J. R. McLAUGHLIN
                    Attorneys for Defendants,
18                  COUNTY OF RIVERSIDE (d/b/a
                    RIVERSIDE SHERIFFS
19                  DEPARTMENT), and SHERIFF-
20                  CORONER CHAD BIANCO

161153765.1                    6
DEFTS.' OPP. TO PLTFS.' EX PARTE APP. FOR A WRIT TO COMPEL PAYMENT OF JUDGMENT

# FEDERAL COURT PROOF OF SERVICE
Tracy Alves v. Riverside County, et al.
USDC Case No. 5:19-cv-02083-JGB-SHK // CM# 51446-04

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 6, 2025, I served the following document(s): DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A WRIT OF MANDATE TO COMPEL DEFENDANT RIVERSIDE COUNTY TO PAY JUDGMENT (FED. R. CIV. P. 69); DECLARATION OF ABIGAIL J.R. McLAUGHLIN; EXHIBITS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 6, 2025, at Los Angeles, California.

/s/ Abigail J. R. McLaughlin
Abigail J. R. McLaughlin

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

161153765.1

1

DEFTS.' OPP. TO PLTFS.' EX PARTE APP. FOR A WRIT TO COMPEL PAYMENT OF JUDGMENT

# SERVICE LIST
## Tracy Alves v. Riverside County, et al.
### USDC Case No. 5:19-cv-02083-JGB-SHK // CM# 51446-04

| | |
|---|---|
| John Burton, Esq. (SBN 86029)<br>Matt Sahak, Esq. (SBN 310624)<br>LAW OFFICES OF JOHN BURTON<br>128 North Fair Oaks Ave.<br>Pasadena, California 91103<br>(626) 449-8300<br>(626) 449-8197 Fax<br>jb@JohnBurtonLaw.com<br>ms@johnburtonlaw.com<br><br>*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, Deceased* | T. Kennedy Helm, IV (SBN 282319)<br>HELM LAW OFFICE, PC<br>644 40th Street, Suite 305<br>Oakland, California 94609<br>(510) 350-7517<br>(510) 350-7359 Fax<br>kennedy@helmlawoffice.com<br><br>*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, Deceased* |

Dale K. Galipo, Esq. (SBN 144074)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
(818) 347-3333
818) 347-4118 Fax
dalekgalipo@yahoo.com

*Attorneys for Plaintiff, TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, Deceased*

