**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**THE LAW OFFICES OF JOHN BURTON**
John Burton (SBN 86029)
jb@johnburtonlaw.com
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300; Fax: (626) 449-8197

**HELM LAW OFFICE, PC**
T. Kennedy Helm, IV, State Bar No. 282319
kennedy@helmlawoffice.com
644 40th Street, Suite 305
Oakland, California 94609
Tel: (510) 350-7517; Fax: (510) 350-7359

Attorneys for Plaintiff Tracy Alves, Individually and as Successor In Interest for Kevin R. Niedzialek, Deceased

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ALVES, Individually and as Successor in Interest for KEVIN R. NIEDZIALEK, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>RIVERSIDE COUNTY, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, SHERIFF-CORONER CHAD BIANCO, DEPUTY SONIA GOMEZ, DEPUTY BRIAN KEENEY, and DOES 3–10,<br><br>Defendants. | Case No. 5:19-cv-02083-JGB (SHKx)<br><br>*Honorable Jesus G. Bernal*<br>*Mag. Judge Shashi H. Kewalramani*<br><br>**PLAINTIFF'S REPLY TO DEFENDANT COUNTY'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A WRIT OF MANDATE TO COMPEL PAYMENT OF JUDGMENT (FED. R. CIV. P. 69)** |

Defendant County contends that payment of the judgment for Plaintiff entered April 12, 2023, twice misstating the year as 2024, is "premature" because it is considering "a Writ of Certiorari to the Supreme Court." ECF No. 242, 5:17-20.

To delay the effect of a judgment until after the Supreme Court acts required a motion in the Court of Appeals "to stay the mandate pending the filing of a petition for writ of certiorari" based on a showing "that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. 41(d)(1). The County filed no such motion prior to issuance of the Ninth Circuit's mandate on July 11, 2025.

The County's opposition does not explain how its hypothetical petition for certiorari might present a substantial question for Supreme Court review under Sup. Ct. R. 10. *Alves v. County of Riverside*, 135 F.4th 1161, 1164 (9th Cir. 2025), holds "California tort law's 'reasonable care' standard is distinct from the Fourth Amendment's 'reasonableness' standard," citing *Hayes v. County of San Diego*, 57 Cal. 4th 622, 160 (2013). There was no federal question presented. Further review of that state-law determination required the County to request in its petition for rehearing that the Ninth Circuit certify the question to the California Supreme Court pursuant to Cal. R. Ct. 8.548, the procedure followed in *Hayes v. County of San Diego*, 658 F.3d 867, 868 (9th Cir. 2011), which lead to the state supreme court ruling at the core of the appeal.

Plaintiff respectfully requests an order compelling payment of the final judgment by August 29, 2025, with all interest accrued as of that date, or $1,678,179.93.

Respectfully submitted,

DATED: August 6, 2025

**LAW OFFICES OF DALE K. GALIPO**
**THE LAW OFFICES OF JOHN BURTON**
**HELM LAW OFFICE, PC**

By  */s/ T. Kennedy Helm, IV*

T. Kennedy Helm, IV
Attorneys for Plaintiff Tracy Alves